CHARLES ELLIOTT ET AL. V. WESTERN UNION TELEGRAPH COMPANY.

No. 2636.

**Liability of Telegraph Company.**— Plaintiffs were operating a saw mill, and having broken their saw, one of the firm went to a neighboring village and engaged a member of a mercantile firm to telegraph to St. Louis to parties to ship at once another saw for use in the saw mill to the mercantile firm. A dispatch was prepared but was handed to a traveling agent of the hardware firm to whom it was addressed. The agent did not send the dispatch, but sent another in terms: "Express Galloway & Stewart one Disston circular rip saw, fifty-six inches. Terms regular," signing it himself. It was not made known to the agent of the telegraph company that the order was in behalf of plaintiffs. *Held*, that no recovery could be had by plaintiffs against the telegraph company for damages for want of the saw, or for the failure to deliver the dispatch.

APPEAL from Morris. Tried below before Hon. John L. Sheppard. The head note and opinion state the case.

*Moore & Hart*, for appellants, cited Daniel v. W. U. Tel. Co., 61 Texas 452; W. U. Tel. Co. v. Broesche, 72 Texas, 654; Gray on Tel., ch. 7; Big. on Torts, sec. 619; Story on Agency, secs. 393, 410.

*Stemmons & Field*, for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellants against appellee to recover damages for the failure of the latter to deliver a message alleged to have been deposited with the company's agent for transmission to St. Louis.

One of the plaintiffs testified that they were operating a saw mill, and that having broken their saw, he went to the town of Belden and engaged one Stewart, a member of the firm of Galloway & Stewart, merchants, to order them a new saw from St. Louis by telegraph. Stewart testified that he wrote a dispatch on white paper, addressed to the Caruth & Byrnes Hardware Company, St. Louis, Mo., directing them to ship at once to Galloway & Stewart a saw of the description desired, and signed it in the name of his firm; that one McAllen, the traveling salesman of the St. Louis company, being in town, he handed the dispatch to McAllen, gave him the money to pay the charges, and went with him to the telegraph office. Upon cross-examination he said that he remained at the door and saw McAllen go to the operator's desk, where he remained some time, but did not see him deliver the telegram. The operator testified that McAllen wrote another dispatch for transmission, signed by himself, ordering the saw to be sent to Galloway & Stewart, and that he did not deliver to him the dispatch about which Stewart testified. The testimony showed that neither dispatch was delivered to the parties addressed.

Upon this evidence the court charged the jury to find for defendant,

and in so charging we think there was no error. It appears that in delivering the dispatch written by himself, McAllen was not acting under the authority given him by Stewart, which was to cause to be transmitted the message written by the latter. Being the agent of the company who was addressed, he probably deemed it best to make the order himself. He may have had a personal interest in transmitting it in his own name, since his commissions may have depended upon a sale made through himself. At all events he was not authorized to send that dispatch for Stewart, and it was not therefore the dispatch of plaintiff, though intended for his benefit. In the case of the Western Union Telegraph Company v. Broesche, 72 Texas, 654, the person who delivered the message for transmission was authorized to do so by the plaintiff, who was immediately present when it was delivered.

The damages claimed were for the losses accruing by reason of the plaintiffs' mill lying idle for want of the saw. The face of the message did not advise the defendant that it was intended for the benefit of plaintiffs, or that such persons existed, and there was no evidence that defendant's agent knew of the fact that the mill was idle for want of the saw. Therefore plaintiffs could not have recovered damages for the loss resulting from this source. If they had proved that the message written by Stewart was delivered to the agent, they could under the evidence have recovered only the money paid for its transmission.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 5, 1889.