## Western Union Telegraph Company v. Thomas & Escaville.

### No. 821.

1. **Compromise Negotiations Not Evidence.**—A letter by an attorney proposing an amicable settlement of a claim is incompetent as evidence against his principal. No admission of liability that might be inferred from such proposition of settlement can be used against the client.

2. **Profits—Measure of Damages—Notice.**—Appellees through an agent telegraphed an order for a car load of apples in name of the agent. Appellees had contracts for retailing the apples at a profit when received. Of this the telegraph company had no notice: *Held*, that such retail profits could not be the measure of damages for the nondelivery of the message. They were not in contemplation of the parties as damages for breach of the contract, the message giving no notice of the facts.

Appeal from County Court of Travis County. Tried below before Hon. William Von Rosenberg, Jr., County Judge.

The opinion states the case.

*Walton, Hill & Walton*, for appellant, cited: On offer to compromise: Railway v. Ragsdale, 67 Texas, 24; Tel. Co. v. Bertram & Mueller, 1 W. and W., sec. 1153.

On measure of damages: Tel. Co. v. Carter, 85 Texas, 580; Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Kirkpatrick, 76 Texas, 217.

*West & Cochran*, for appellees.—1. The letter was competent evidence. Smith v. Tel. Co., 84 Texas, 359; Tel. Co. v. Jones, 81 Texas, 271; Martin v. Tel. Co., 1 Texas Civ. App., 143.

2. The damages sought to be recovered are the natural results of the negligence of the telegraph company, and such as might be reasonably supposed to have been in contemplation of the parties at the time they made the contract as to the probable results of a breach of it. Tel. Co. v. Haman, 2 Texas Civ. App., 101; Bartlett v. Tel. Co., 16 Am. Rep., 437; Id., 62 Me., 209; Tel. Co. v. Westing, 1 Ct. App. C. C., sec. 801.

3. Measure of damages: Railway v. McCarty, 82 Texas, 611; Tel. Co. v. Pells & Ray, 2 Ct. App. C. C., sec. 43; Manville v. Tel. Co., 18 Am. Rep., 8; Id., 37 Iowa, 214; Railway v. Nicholson, 61 Texas, 491.

4. The message using the term "ship immediately" shows its importance to the sender, and clearly indicates that it has a pecuniary value. Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Sheffield, 71 Texas, 570; Tel. Co. v. Heyer, 1 Am. State Rep., 222.

COLLARD, Associate Justice.—This suit was brought by Frank Thomas and J. B. Escaville, appellees, against the Western Union Telegraph Company, appellant, for damages alleged to have resulted

from the failure of defendant to deliver a telegram sent by plaintiff's agent, Leon. Oliver, from Burnett, Texas, to one Wash Binkley, at Marion, Illinois, of date October 27, 1891, ordering 160 barrels of apples of certain varieties.

Judgment was rendered for plaintiffs for $91.42, from which defendant has appealed.

Plaintiffs relied upon circumstances to establish the fact that the message was not delivered—there was no reply to the message, the apples were not sent, and other apples ordered in the same manner were sent according to the order.

Plaintiffs read in evidence, over objections of defendant, a letter to their agent, in reply to their demand for the damages, purporting to be written by George H. Fearons, attorney, as follows:

"WESTERN UNION TELEGRAPH COMPANY,
    "GEORGE H. FEARONS, ATTORNEY.

"NEW YORK, February 26, 1892.
"*Leon Oliver, Esq., Burnet, Texas:*

"DEAR SIR—I have examined the papers relating to your claim on account of alleged nondelivery of your message of October 27, 1891, to Marion, Ill.

"While sincerely regretting any complaint, I beg to advise you that our responsibility in cases of this kind is limited to the charges paid for transmission of the message, and that amount—$3.85—will be refunded to you upon application, as a matter of business courtesy. I am very truly yours,        GEORGE H. FEARONS, Attorney."

Plaintiffs did not accept the offer of settlement.

*Opinion.*—If it be conceded that the letter was written by the duly authorized attorney of defendant, it was not admissible in evidence, as insisted by bill of exception and assignment of error; because it contained only an offer of amicable settlement or compromise. No distinct fact as such was admitted by the letter. No admission of liability or failure to deliver the message that might be inferred from the proposition of settlement could be used against the company to its prejudice. West v. Smith, 101 U. S., 263; Railway v. Ragsdale, 67 Texas, 24; 1 Greenl. on Ev., sec. 192.

Appellant's second assignment of error is: "The court erred in admitting, over defendant's objection, evidence as to the price plaintiffs could have obtained for the apples ordered and not received at Burnet, Texas, because irrelevant and not the true measure of damages."

Plaintiff Escaville testified, that plaintiffs received a car of 180 barrels of apples shipped them by Binkley on order of the 9th of No-

vember, and sold them at $3.50 per barrel, and that about 85 cents per barrel was made on that car, and that the car ordered on the 27th of October was already sold, or they had orders for them, at the prices stated at Burnet.

There was no testimony that defendant or its agent, or the telephone company, which first received the message and forwarded it to defendant, knew of such sale, orders, or prices. Such profits could not, without notice of the facts, be the measure of damages. They were not in contemplation of the parties as damages for breach of the contract. The message gave no notice of the facts.

The judgment of the court below must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered April 25, 1894.