Houston & Texas Central Railway Company v. A. P. Brown.

Decided October 14, 1903.

**Measure of Damages—Delayed Freight—Charge.**

In an action for damages resulting from delay in transporting hogs the petition alleged neither market nor reasonable value of the animals, and only the contract price the plaintiff was to receive per pound at the place of delivery, and the loss in pounds by reason of the defendant's negligence, and this was the measure of damage submitted by the charge. Held, error. The rule is that where the property intrusted to the common carrier is to be delivered in compliance with a contract, the damages that might be sustained are special in character, and the pleadings and evidence must show that such damages were contemplated by the transportation company when the property was received for shipment.

Appeal from the County Court of Llano. Tried below before Hon. F. H. Johnson.

*S. R. Fisher, J. H. Talichet,* and *Baker, Botts, Baker & Lovett,* for appellant.

*Chas. L. Lauderdale,* for appellee.

FISHER, Chief Justice.—The appellee sued the railway company for damages for loss in weight on two car loads of hogs shipped from Llano to Houston, Texas. The negligence alleged was delay in providing cars, and for failure to transport the hogs and deliver the same in Houston within a reasonable time, and unusual and unnecessary delays occurring during the transportation.

The petition alleges that each of the hogs lost in weight thirty pounds more than the ordinary shrinkage that would result from transportation, and that the same had been sold before transportation to the Houston Packing Company, at a contract price of 7 cents per pound, cash, to be paid on delivery at Houston.

There is no evidence of the market value of the hogs, except what arises as an inference from the contract price that the plaintiff was to receive. The plaintiff testified that he sold and contracted the hogs to the Houston Packing Company to be delivered at Houston, and that he was to receive 7 cents a pound for all hogs weighing over 150 pounds each, and 6¾ cents a pound for all weighing less than 150 pounds; that the hogs were weighed and delivered to the Houston Packing Company according to the contract, and that by reason of the negligence of the defendant complained of, he lost about thirty pounds in weight on each hog.

As said before, there is no evidence of market value or what the hogs were reasonably worth; nor do we understand the averments of the petition to allege either of these values; but the value of the hogs, as stated in the petition and the evidence of the plaintiff, is predicated upon the

contract price that he was to receive at Houston, and this is the measure of damage submitted by the charge of the court. There is no averment in the petition, nor is there any evidence in the record to the effect that the railway company, in receiving the hogs for shipment and in transporting the same to Houston, knew or had any knowledge of the existence of the contract under which the hogs were being delivered to Houston, and that their failure to promptly deliver would affect the rights of plaintiff by reason of a contract he had with the Houston Packing Company.

Where the property is to be delivered in compliance with a contract, the damages that might be sustained are special in character. and the pleadings and evidence must show that such damages were contemplated by the transportation company when the property was received for shipment. Railway v. Gilbert, 4 Texas Civ. App., 366; Wells-Fargo v. Battle, 5 Texas Civ. App., 534; Railway v. Pickens, 58 S. W. Rep., 157; 5 Am. and Eng. Enc. of Law, 2 ed., 395, and notes.

For the error in the charge of the court in submitting the measure of damages, as stated, the judgment is reversed and the cause remanded. We find no other error in the record.

*Reversed and remanded.*