WESTERN UNION TELEGRAPH COMPANY V. J. R. TRUE ET AL.

No. 1773.   Decided January 8, 1908.

**Telegraph—Damages—Loss of Profits of Contract.**

The message, "Parties failed to arrange deal. If you want cattle come here," did not apprise the telegraph company that there was an agreement by the sender with the receiver for sale of cattle if not taken, under their option, by other purchasers, and the receiver could not recover as damages the profits on the purchase of such cattle which he was prevented from making by delay of the telegraph company in transmitting and delivering message. (Pp. 240, 241.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

True and others sued the telegraph company and had judgment. It was affirmed on appeal by defendant, who then obtained writ of error.

*Spoonts, Thompson & Barwise,* and *Henry D. Eastabrook* for plaintiff in error.—Said petition failed to state a cause of action in that it was not alleged that plaintiff had any valid, subsisting and binding agreement with Sam Davidson for the purchase of said

cattle, but stated facts which showed simply that the plaintiff's agreement with Davidson amounted to nothing more than the mere option to bid on the cattle and seek to purchase them, and hence the damages sought to be recovered were too uncertain, problematical, indefinite and remote to be made the basis of a recovery. Richmond Hosiery Mills v. Western U. Tel. Co., 51 S. E. Rep., 290; Western U. Tel. Co. v. Connelly, 2 Willson (Texas App., C. C.) sec. 113; Walser v. Western U. Tel. Co., 19 S. E. Rep., 366; Kenyon v. Western U. Tel. Co., 35 Pac. Rep., 75; Merrill v. Western U. Tel. Co., 2 Atl. Rep., 847; Mood v. Western U. Tel. Co., 19 S. E. Rep., 67; Western U. Tel. Co. v. Clifton, 8 So. Rep., 746; Johnson v. Western U. Tel. Co., 29 So. Rep., 787; Clay v. Western U. Tel. Co., 6 S. E. Rep., 813; Western U. Tel. Co. v. Ferguson, 60 N. E. Rep., 674; Beatty Lumber Co. v. Western U. Tel. Co., 44 S. W. Rep., 309; Postal Tel. Co. v. Barwise, 53 Pac. Rep., 252; Wilson v. Western U. Tel. Co., 52 S. E. Rep., 153.

Even if it should be held that the telegrams sued upon might be made the basis of recovery of damages, this could only be upon notice being given to the company's agent at the time the telegram was accepted for transmission that the same was sent for the purpose of enabling the parties to get together and close a pending deal for the sale of the cattle by Davidson to True, and that True would have to reach Fort Worth on the morning of November 1st in order to close the deal for the cattle. Western U. Tel. Co. v. Sheffield, 71 Texas, 575; Elliott v. Western U. Tel. Co., 75 Texas, 18; Gulf, C. & S. F. Ry. Co. v. Loonie, 82 Texas, 327; Western U. Tel. Co. v. Williford, 22 S. W. Rep., 244; Western U. Tel. Co. v. Lively, 15 S. W. Rep., 197.

The petition does not allege any notice to the defendant, nor is there any testimony to this effect. Western U. Tel. Co. v. Kemp Groc. Co., 28 S. W. Rep., 905; Western U. Tel. Co. v. Sheffield, 71 Texas, 570, 575; Western U. Tel. Co. v. Brown, 2 L. R. A., 766; Texas Mex. Ry. Co. v. Willis, 3 Willson (Texas App., C. C.), sec. 71, p. 97; Voorheis v. Fry, 52 S. W. Rep., 580; Western U. Tel. Co. v. Thomas, 7 Texas Civ. App., 105; Smith v. Western U. Tel. Co., 83 Ky., 116; Western U. Tel. Co. v. Snow, 72 S. W. Rep., 250; Western U. Tel. Co. v. Parlin & Orendorff Co., 25 S. W. Rep., 40; Western U. Tel. Co. v. Lively, 15 S. W. Rep., 197.

*Stewart & Templeton,* for appellees.—The telegram in question was more than an invitation to plaintiffs to come to Fort Worth and negotiate a trade with Davidson for the cattle which were the subject of the contract. It was a notice to them that Martin and Burns had failed to close their deal for the cattle and that plaintiffs could have same at the price and upon the terms theretofore provisionally agreed upon between them and Davidson, provided they would come to Fort Worth and close the deal promptly. The allegations of the plaintiffs petition disclosed the fact that the failure of the defendant to promptly transmit and deliver to J. R. True the telegram in question prevented plaintiffs from closing the deal with Davidson for said cattle at the price and upon terms therefore agreed upon by

said parties. Such failure if occasioned by the actionable negligence of the defendant gave plaintiffs a cause of action for such damages as were the proximate and probable result of such negligence. Western U. Tel. Co. v. Carver, 39 S. W. Rep., 1021; Texas & W. Tel. & T. Co. v. Mackenzie, 81 S. W. Rep., 581-586; Western U. Tel. Co. v. Snow, 72 S. W. Rep., 250; Western U. Tel. Co. v. Partlow, 71 S. W. Rep., 584, 586; Western U. Tel. Co. v. Bowen, 84 Texas, 476-479; Western U. Tel. Co. v. Mitchell, 91 Texas, 454; Western U. Tel. Co. v. Nagle, 32 S. W. Rep., 707, 709; Western U. Tel. Co. v. Morrison, 33 S. W. Rep., 1027.

Where the message on its face reasonably informs the operator that it relates to business of importance, and discloses the transaction in so far as is necessary to give notice of the main purpose of the message, such notice is sufficient to put the telegraph company upon inquiry as to the attendant details, and it is chargeable with notice of such facts as such inquiry would have developed. Texas & W. Tel. & Tel. Co. v. Mackenzie, 81 S. W. Rep., 583, and authorities there cited; Western U. Tel. Co. v. Snow, 72 S. W. Rep., 253; Western U. Tel. Co. v. Turner, 60 S. W. Rep., 433; Tel. Co. v. Adams, 75 Texas, 535; Western U. Tel. Co. v. Carver, 39 S. W. Rep., 1021; Western U. Tel. Co. v. Nagle, 32 S. W. Rep., 708; Western Union Tel. Co. v. Birge, Forbes & Co., 69 S. W. Rep., 181; Western U. Tel. Co. v. Edsall, 74 Texas, 333; Western Union Tel. Co. v. Morrison, 33 S. W. Rep., 1027; W. U. Tel. Co. v. Williford, 22 S. W. Rep., 244.

The message sent in this case was on its face sufficient to give to the defendant notice of the main purpose of the parties thereto and to inform defendant of the importance of the prompt transmission and delivery thereof. Said message was sufficient to put the defendant on inquiry as to the attendant details of the transaction, and to charge it with notice of such details as it could have learned by such inquiry. Same authorities.

The notice given by J. R. True on the day the message was sent to the agent at Ryan, who thereafter received such message, of its importance and of the necessity of a prompt delivery thereof as soon as same should be received, was sufficient notice to the defendant of the importance of the said message and of the damages which might result from a delay in delivering same. Such notice required the exercise by defendant of ordinary care to make prompt delivery of such message as soon as same was received at the receiving station. Bourland v. Choctaw, O. & G. Ry. Co., 90 S. W. Rep., 483, 484; Western U. Tel. Co. v. Burrow, 30 S. W. Rep., 378, 379; Wells Fargo & Co. v. Battle, 24 S. W. Rep., 353, 354.

MR. JUSTICE BROWN delivered the opinion of the court.

J. R. True, representing himself, E. C. True and S. P. Strong, applied to Sam Davidson of Fort Worth Texas, at that city, to purchase some steer cattle from him and was informed by Mr. Davidson that he had already given J. W. Martin and A. H. Burns an option on the cattle which they had a right to exercise at any time on or before the morning of the 31st day of October, 1904. It was

agreed between Davidson and True that, in case Martin and Burns should not take the cattle, Davidson would send a telegraphic message to True at Ryan, I. T., informing him of the fact, and give him an opportunity to buy the cattle on terms then agreed upon, which were, in substance, that True should have the privilege of selecting from the herd of steer cattle two thousand head, then three years old and upwards, at the price of $27.75 per head, and that he should have the further privilege of selecting from the remainder of the herd one thousand head of steer cattle, two years old past, at the price of $22.50 per head, and True was to have sixty days in which to make the selection and ship the cattle. True resided at Ryan, I. T., and had a ranch within eight miles of that place. The defendant Telegraph Company had a station at Ryan. On the morning of the 31st day of October, 1904 True went to the telegraph station and informed the operator that he was expecting an important message from Fort Worth that day, at the time inquiring if there was a message there for him. Receiving no message he returned again in the afternoon and at several different times and, being under the necessity of going to his ranch, he went to the office at 6 o'clock P. M. on that day and informed the telegraph agent that he had arranged with Jackson and Bird, merchants of that town, to send the message to him at his ranch at once if it should be received, and directed the agent, in case the message should be received, to deliver it at once to Jackson and Bird, which the agent promised to do. Jackson and Bird agreed to receive and forward the message to True. True then departed for his ranch and did not return until the next day, and, having occasion to be at the telegraph office at about 9 o'clock P. M., was informed by the operator that a message was there for him. The message was marked as having been received at 7:45 P. M. on October 31, 1904, and reads as follows: "Fort Worth, Texas, Oct. 31, 1904. To J. R. True, Ryan, I. T., via Sta. Parties failed arrange deal. If you want cattle come here. (Signed) Sam Davidson." Martin and Burns having failed to exercise their option to purchase the cattle, on the afternoon of October 31, 1904, at 3 o'clock P. M., Sam Davidson delivered the above message to the operator of the Western Union Telegraph Company at the Stockyards at Fort Worth to be transmitted to Ryan, I. T. If the message had been promptly sent it would have been received at Ryan by 4 o'clock P. M. of that day. If the message had been promptly delivered to Jackson and Bird when received at Ryan they would have sent it at once to True at his ranch and True could and would have returned to Ryan in time to have taken a train which would have put him in Fort Worth at about 7 o'clock A. M. November 1, in time to have exercised his option of buying the cattle from Davidson, but when he arrived on the first of November from his ranch it was too late for the train which would have carried him to Fort Worth. He took the first train available, arriving at Fort Worth about 5 o'clock A. M. on November 2, when he found that Davidson had concluded that he did not wish to buy the cattle and had sold them to Martin and Burns. The Telegraph Company was negligent in failing to transmit the message promptly from Fort

Worth to Ryan, and was negligent in failing to deliver the message to Jackson and Bird according to the directions of True. If True had gotten to Fort Worth on the morning of the 1st of November, he would have purchased the cattle and would have realized a profit on the transaction equal to the amount of the verdict of the jury.

The facts establish beyond controversy the liability of the telegraph company to the defendants in error for such damages as they can establish by proper evidence and the only question which is presented to this court for decision is, did the message, with the attending circumstances, charge the telegraph company with notice of the transaction between Davidson and True? "The telegraph company is chargeable with notice . . . of such purposes as may be reasonably inferred from the language used, in connection with the subject matter of the communication, taking into consideration the usual manner of expressing messages sent by this means." (Western U. Tel. Co. v. Carter, 85 Texas, 580.) The only fact in evidence which tended to furnish an interpretation of the terms of the message is the statement made by True to the operator at Ryan that he was expecting an important message that day. It is the duty of the telegraph company to transmit and deliver promptly every message that is delivered to it, and the statement made in this case by True that the message he expected was "important" gave no aid in arriving at the meaning of the telegram. The fact that the wire was used was enough to convey that information and it was the defendant's duty without instruction to send the message with all reasonable dispatch. (Houston, E. & W. Ry. Tel. Co. v. Davidson &. Hardeman, 15 Texas Civ. App., 334.

In seeking the meaning of the message to the telegraph company we must view it from the standpoint of the agents who handled it. They were not in possession of the facts which served to explain the matter to those who were familiar with the antecedent transactions. True understood from this message that Davidson was extending to him the privilege under a previous agreement to buy the cattle on terms agreed upon, but the agent who received and he who transmitted the message not having the benefit of the facts could only pass upon the language in which it was expressed. Thus looking at the message it reasonably appeared to the operators from its terms that Davidson had theretofore had on hand with other parties a deal for the cattle which the parties had failed to consummate and that True knew of this transaction between Davidson and the unnamed parties. It is reasonably apparent that the purpose of the message was to inform True of the failure of the parties, not named to carry out some transaction and to offer to True the opportunity to buy the cattle if he desired to do so. But there is nothing in the language from which either operator, or any other person reading it from his standpoint, could learn that there had theretofore been an agreement entered into between Davidson and True whereby the latter should be entitled, upon the failure of other parties, to purchase the cattle. The language, "if you want the cattle come here," would justify the conclusion that the matter was then open for

True to buy and that Davidson was giving him this information in order to induce him to make the purchase. Beyond this the telegraph operators could not have understood that there was a pending transaction or any specific terms or agreement about which these parties were conducting this correspondence by wire. It follows that the message being so indefinite as not to give any information to the telegraph company of the right to be protected by a prompt delivery of it or of the damages which might ensue from a failure to deliver promptly, no recovery of damages accruing from the loss of the option to buy the cattle can be had by the defendants in error for the negligence of the company's agents in failing to send and deliver the message with reasonable promptness.

The facts stated do not sustain the judgment of the court as rendered, nor do they disclose any facts upon which the defendants in error would be entitled to recover more than nominal damages. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that the cause be remanded.

*Reversed and remanded.*