### HUFSTUTLER v. WESTERN UNION TELEGRAPH CO.   (No. 5386.)

(Court of Civil Appeals of Texas. Austin. Oct. 14, 1914. Rehearing Denied Nov. 25, 1914.)

1. APPEAL AND ERROR (§ 1091*)—REVIEW—APPEAL FROM INTERMEDIATE COURT.

On appeal from the county court, where there is nothing in the record to show what were the pleadings in the justice court, it will be presumed that they were the same as in the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. § 1091.*]

2. APPEAL AND ERROR (§ 1091*)—REVIEW—APPEAL FROM INTERMEDIATE COURT.

On appeal from the county court, it will be presumed that the oral pleadings in the justice court were in conformity with the account sued on and the citation issued thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. § 1091.*]

3. JUSTICES OF THE PEACE (§ 206*)—APPEAL—AMENDMENT OF PLEADING.

Defective pleadings in a justice court may be amended in the county court, if the amended pleadings do not set up a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. § 206.*]

4. JUSTICES OF THE PEACE (§ 206*)—REVIEW—AMENDED PLEADINGS.

Where, by the third amended pleading in a county court on certiorari to a justice court, the other pleadings are abandoned, it is immaterial that it sets up a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. § 206.*]

5. JUSTICES OF THE PEACE (§ 206*)—CERTIORARI—AMENDED PLEADINGS.

In an action for failure to send a telegram, brought to the county court by certiorari to a justice court, an amended petition, changing those allegations only which affected the measure of damages, does not state a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. § 206.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. JUSTICES OF THE PEACE (§ 206*)—CERTIORARI—PLEADINGS—GENERAL DEMURRER.

In an action for failure to send a telegram, where the amended petition in the county court, on certiorari to a justice court, fails to distinctly allege the manner and extent of plaintiff's damage, but such matters appear inferentially, the petition is not subject to a general demurrer, though such petition would be demurrable in a court of record.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. § 206.*]

Appeal from Lampasas County Court; M. M. White, Judge.

Action by T. J. Hufstutler against the Western Union Telegraph Company. From a judgment of the county court, on certiorari from the justice court, overruling a general demurrer and dismissing the case, plaintiff appeals. Reversed and remanded.

H. F. Lewis and Word & Walker, all of Lampasas, for appellant. Arch Grinnan, of Brownwood, for appellee.

JENKINS, J. This suit was brought by appellant in justice court to recover damages on account of appellee's failure to send a message when requested so to do after being paid for same. The pleadings in the justice court were oral. Appellant recovered judgment for $175. The case having been removed to the county court by certiorari, appellant filed in writing his first, second, and third amended original petitions and his first supplemental petition. Appellee excepted to said third amended original petition: (1) Because it set up a new and different cause of action from that set up in appellant's first and second amended original petitions. (2) Because it appeared upon its face to set up a new and different cause of action from that set up by plaintiff in the justice court. (3) Same as first. (4) Same as second. (5) General demurrer. The court overruled the general demurrer, sustained all of the special exceptions, and dismissed the case.

[1-3] Appellant filed a supplemental petition verified by his attorney, in which it is alleged that every allegation in said amended petition was pleaded orally in the justice court. There is nothing else in the record to show what were the pleadings in the justice court, and, in the absence of such showing, it will be presumed that they were the same as in the county court. Threadgill v. Shaw, 130 S. W. 707. In the absence of proof to the contrary, it will be presumed that the oral pleadings in the justice court were in conformity with the account sued on and the citation issued thereon. Each of these show that appellant's cause of action was the failure of appellee to send a certain telegram therein set out. If the pleadings in the justice court were defective, they could be amended in the county court, provided such amendment did not set up a new cause of action. McSpadden v. Eads, 163 S. W. 634.

[4] The third amended original petition does not set up a different cause of action to that set up in the first and second amended petitions; and, if it did, it would be immaterial, as those pleadings were abandoned by filing the third amended original petition.

[5] We gather from appellee's brief that it insists that a different cause of action was set up in each of the amended original petitions, for the reason that in the first appellant alleged that he had contracted with Scurlock for one car of beef cattle, class, number, and weight not given; in the second he alleged that such contract was for a car of beef cattle, consisting of 35 head, being fat cows, steers, and heifers (cows of the average weight of 600 pounds, two year old steers of the weight of 600 pounds, yearlings of the weight of 400 pounds); third the same, but alleges a different date as to when the contract was made, and the amount of damages is differently alleged. These allegations are not as to appellant's cause of action, which was the alleged negligent failure of appellee to send the telegram, but as to his measure of damages, and had such discrepancy occurred between the third amended original petition and the oral pleadings in the justice's court, they would have been immaterial. It is the office of an amendment to correct errors or supply omissions (Smith v. McGaughey, 13 Tex. 468), and, to do so, it must necessarily state some matter differently from the statements made in the pleading amended.

[6] The third amended original petition would perhaps be subject to a general demurrer in a court of record, in that it does not distinctly appear therefrom in what manner and to what extent appellant was damaged by the failure of appellee to send the telegram. It is not explicitly stated how much the cattle would have cost appellant had they been shipped to him, and how much he would have received for them. Nor is it distinctly stated that the party to whom he sold the cattle would not have taken them had the telegram been sent to Scurlock on October 7th, when it is alleged appellee offered to send it, nor that Scurlock would not have shipped them at that time, or, if he had done so, that additional expense for holding them would have been incurred by appellant, or, if the party to whom he had contracted the cattle had refused to take them, he could not have sold them at Lometa to an equal advantage. These matters appear inferentially and are sufficient as against a general demurrer, under the liberal rules of pleading in justice courts. Threadgill v. Shaw, supra.

For the reasons stated, the cause is reversed and remanded for a new trial.

Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes