INTERNATIONAL & G. N. RY. CO. v.
BLAND. (No. 5515.)

(Court of Civil Appeals of Texas. Austin. Oct.
27, 1915. Rehearing Denied
Dec. 22, 1915.)

1. APPEAL AND ERROR ☞263—RESERVATION
OF GROUNDS OF REVIEW—EXCEPTIONS.

The Practice Act of 1913, amends Rev. St. 1911, art. 1971, to provide that the charge shall be submitted to the parties for inspection and a reasonable time given in which to present objections thereto, which objections shall, in every instance, be presented to the court before the charge is read to the jury, and that all objections not so made and presented shall be considered as waived. Article 1974, which formerly provided that refused instructions should be filed and constitute a part of the record, subject to revision for error "without the necessity of taking any bill of exception thereto," is amended by omitting the quoted provision. Article 2061, which formerly provided that the giving or refusal of instructions should be regarded as excepted to in all cases, is amended to provide that such rulings shall be regarded as approved, unless excepted to "as provided for in the foregoing articles." Article 1972, which is not amended, provides that charges given shall be regarded as excepted to and subject to revision for errors, without the necessity of taking any bill of exception thereto. Articles 2058–2060 provide that whenever in the progress of a cause either party is dissatisfied with any ruling or action of the court, he may except thereto at the time, and at his request time shall be given to embody such exception in a written bill, and prescribe the requisites of bills of exceptions. *Held*, that though timely objections to the charge were presented and overruled, and though special charges were requested and refused, the giving and refusal of· instructions could not be reviewed, where no exception was reserved, as article 1972, so far as it conflicts with amended article 2061, is repealed thereby, and the reference in article 2061 to the "foregoing articles" refers to articles 2058–2060, and not to the other articles amended by the act of 1913.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

2. STATUTES ☞148—AMENDMENT OF PROVISIONS OF REVISED STATUTES.

When the Legislature amends an article of the Revised Statutes by referring to it by number, and providing that it shall thereafter read as therein set forth, the article as amended takes the place in the Revised Statutes formerly occupied by the superseded article.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 217; Dec. Dig. ☞148.]

3. CONSTITUTIONAL LAW ☞70—DETERMINATION OF VALIDITY OF STATUTES — JUDICIAL AUTHORITY.

The courts cannot substitute their judgment for that of the Legislature, and decline to enforce a statute merely because they deem it unwise.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. ☞70.]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by Howard Bland against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher and Robert L. Thompson, all of Austin, and Wilson, Dabney & King, of Houston, for appellant. W. A. Barlow, of Taylor, for appellee.

KEY, C. J. In this case appellee recovered a judgment against appellant for $158.84, to reverse which this appeal is prosecuted. We overrule all of the assignments of error, but do not care to discuss but one question in this opinion.

[1] The main points presented in appellant's brief relate to objections urged against the charge of the trial court and to the action of that court in refusing certain instructions requested by appellant. Counsel for appellee contends, and we feel compelled to sustain the contention, that the record fails to show that appellant reserved any exception to the action of the court in the matter complained of, as required by the Practice Act of 1913 (Acts 33d Leg. c. 59). This court, and most of the other Courts of Civil Appeals, have construed that act, and held that since it became the law, objections cannot be urged on appeal to the action of the trial court in giving or refusing instructions to the jury unless the record shows that the complaining litigant excepted to such action of the trial court. The rulings referred to have caused dissatisfaction; and, inasmuch as able counsel for appellant in this case are, in effect, insisting upon a different ruling, we have reconsidered the question, with the result that no reason has been found for changing the conclusions heretofore reached. The caption of the act of 1913, as well as its body, shows that the purpose of the act was to amend four different chapters of title 37 of the Revised Statutes of 1911. The body of the act reads as follows:

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That chapter 14, title 37, Revised Statutes of Texas, is hereby amended so as to add thereto article 1984a as follows:

"'Article 1984a. In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and the court may submit said cause upon special issues without request of either party, provided that if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with article 1985 of chapter 14, title 37, Revised Statutes.'

"Sec. 2. That article 1954 of chapter 12, title 37, of the Revised Civil Statutes of the state of Texas, of 1911, be amended so as to hereafter read as follows:

"'Article 1954. Before the beginning of the argument, the court shall read to the jury the charges and instructions, if any, under the provisions of this title relating thereto.'

"Sec. 3. That articles 1970, 1971, 1973 and 1974 of chapter 13, title 37, and article 2061 of chapter 19, title 37, of the Revised Civil Statutes of the state of Texas of 1911, be so amended as to hereafter read as follows:

"'Article 1970. In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case, or submit issues of fact to the jury if said cause is submitted to the jury on special issue of fact at the time, in the manner and subject to the restrictions hereafter provided, provided that failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon repeal (appeal) upon proper exception.'

"'Article 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived; before the argument is begun, the judge shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury.'

"'Article 1973. Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give; provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination.'

"'Article 1974. When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instruction shall be filed with the clerk and shall constitute a part of the record of the cause, subject to revision for error.'

"'Article 2061. The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles.'

"Sec. 4. That all laws and parts of laws in conflict with the articles here amended be and the same are hereby repealed."

The act amends chapter 12, the title of which chapter is "Trial of Causes"; chapter 13, the title of which is "Charges and Instructions to the Jury"; chapter 14, the title of which is "The Verdict"; and chapter 19, the title of which is "Bills of Exceptions and Statements of Facts."

The proper solution of the question under consideration depends upon the construction to be placed upon amended article 2061, and if that article had not been so radically changed by the amendment, this court would be disposed to rule differently from what it has heretofore ruled, and from the ruling we feel compelled to make in this case. In order to properly construe this act it is important, not only to consider the main purpose which the Legislature had in view, but also the law as it existed prior to that enactment. Chapter 13 of the Revised Statutes relates entirely to charges to the jury, and article 1972 declares that charges given to the jury shall be regarded as excepted to and subject to revision for errors therein, without the necessity of taking any bill of exception thereto. That article is not amended by the act of 1913, but if conflict exists between them, then, to the extent of such conflict, article 1972 is repealed. Before the amendment of 1913, article 1974 read as it does in the act of 1913, with this addition: "Without the necessity of taking any bill of exception thereto." In other words, prior to the amendment of 1913, article 1974 declared that the action of the court in giving or refusing requested instructions should be subject to revision on appeal, without the necessity of taking any bill of exception; while the amended act omits the language "without the necessity of taking any bill of exception thereto," which omission strongly indicates the purpose of the Legislature, in enacting amended article 2061, to require a bill of exception to the action of the court in giving or refusing instructions. Prior to the act of 1913, article 2061, which constituted part of the chapter relating to bills of exception and statements of facts, read as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

Article 2061, as amended by the act of 1913, not only changes, but it reverses, the entire signification of that article as it formerly existed. Formerly that article declared that in all cases rulings of the court in the giving, refusing, or qualifying of instructions should be regarded as excepted to, while now, as amended, it declares that such rulings shall be regarded as approved, "unless excepted to as provided for in the foregoing articles." It is quite clear that this amended article declares that the rulings of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved unless excepted to; and the only question that remains for decision is, What did the Legislature mean by the additional language "as provided for in the foregoing articles"? Was that language intended to refer to the preceding articles amended by the act of 1913, which articles constitute amendments to three other chapters, relating to three other subjects, or was it intended to refer to the three preceding articles of chapter 19, relating to the subject of bills of exceptions? The articles last referred to are

numbered 2058, 2059, and 2060, and they prescribe when and how exceptions may be reserved by any party who is dissatisfied with any ruling, opinion, or other action of the court. Then, following immediately after those three articles comes article 2061 in the Revised Statutes, which prior to the amendment declared that the rulings of the court in the giving, refusing, or qualifying of instructions shall be regarded as excepted to.

[2] It is a well-known rule of construction that when the Legislature amends an article of the Revised Statutes by referring to it by number, and, as in this instance, declaring that it "shall hereafter read as follows," the article as amended is intended by the Legislature to take the place in the Revised Statutes formerly occupied by the superseded article. In fact, the language quoted admits of no other construction. Therefore, since the passage of the act of 1913, the first four articles of chapter 19 of title 37 of the Revised Statutes of 1911, read as follows:

"Article 2058. * * * Whenever, in the progress of a cause, either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made or announced, and at his request time shall be given to embody such exception in a written bill.

"Article 2059. * * * No particular form of words shall be required in a bill of exceptions; but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible.

"Article 2060. * * * Where the statement of facts contains all the evidence requisite to explain the bill of exceptions, it shall not be necessary to set out such evidence in the bill of exceptions; but it shall be sufficient to refer to the same as it appears in the statement of facts.

"Article 2061. * * * The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

So it will be seen that when amended article 2061 is given the place assigned to it by the Legislature, its concluding words, "the foregoing articles," ought to be held to refer to articles 2058, 2059, and 2060, unless there is something in the amendatory act clearly showing that such was not the legislative purpose; and we have searched the act in vain for language so showing. If it be contended that the language "as provided for in the foregoing articles" was intended by the Legislature to refer and apply to the objections which amended article 1971 requires the dissatisfied litigant to make to the charge of the court, still, that would not give meaning to all the language of amended article 2061, because it would not apply to requested instructions refused by the court. There is nothing in any of the preceding articles as amended by the act of 1913 which requires a litigant whose requested charge has been refused to do anything that could, in any proper sense, be called an exception to the ruling of the court in refusing to give such instruction. In fact, after his requested

instruction has been refused he is not, except by article 2061, required to do anything.

So, after reconsideration, we still believe that the language of amended article 2061, "as provided for in the foregoing articles," refers to the three articles in the Revised Statutes of 1911 which immediately precede article 2061, and which prescribe the mode and manner of reserving exceptions to any ruling or action of the trial court. And, of course, we also hold that article 1972 is repealed in so far as it conflicts with amended article 2061.

[3] It may be conceded that the Legislature could have accomplished its main purpose and remedied the evil sought to be remedied without requiring the dissatisfied litigant to reserve a bill of exception to the action of the court in overruling his objections to charges given and in refusing to give charges requested; and, if this court had been called upon to frame the law, it probably would not have embodied any such requirement in it. But it cannot be doubted that the Legislature had the power to make such requirement, and the fact that it may have acted unwisely in so doing can constitute no sufficient excuse for the failure of litigants to comply with it, nor for the failure of appellate courts to enforce it. The Legislature has the power to enact laws which courts and others may regard as unwise; but it would be an unjustifiable usurpation of authority for the courts to substitute their judgment for that of the Legislature, and decline to enforce a statute, merely because they deemed it unwise. Relief from legislation merely because of its lack of wisdom should be sought at the hands of the Legislature, and not at the hands of the courts. However, amended article 2061 can easily be complied with, because, as shown by article 2059 set out above, no formality is required for a bill of exceptions; and this court has held that a brief notation, signed by the trial judge, and showing that certain objections to his charge had been presented to him within proper time and were by him overruled, and that the appellant excepted, was a sufficient compliance with amended article 2061; and a similar notation upon a refused charge would likewise be sufficient.

In this case the record shows that appellant presented timely objections to the charge of the court, which objections were overruled by the court; and it also shows that certain special charges were requested, and that the court refused to give them, but it does not show that appellant reserved any exception to the action of the court in so ruling. This being the case, we feel compelled to hold that, on account of amended article 2061, appellant must be held to have waived the objections now sought to be urged.

All the questions presented in appellant's brief have been duly considered and the con-

clusion reached that no ground for reversal has been shown, and therefore the judgment is affirmed.

Affirmed.

