THOMPSON et al. v. RICHARDSON.
(No. 1645.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1916. Rehearing Denied May 25, 1916.)

1. APPEAL AND ERROR ☞263(1) — REVIEW—GIVING AND REFUSAL OF INSTRUCTIONS.

Where appellants did not, so far as the record discloses, except to the ruling of the trial court, as required by statute, in respect to the giving and refusing of instructions, assignments of error based thereon cannot be reviewed by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1518; Dec. Dig. ☞263(1).]

2. TRESPASS TO TRY TITLE ☞46—DEFENSES—ADVERSE POSSESSION.

In trespass to try title, that the actual adverse possession of each defendant was found by the jury to extend in fact to a less area of land than that claimed by them in their answer affords no sufficient ground to set verdict for plaintiff for the remainder of the tract aside.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 68; Dec. Dig. ☞46.]

Appeal from District Court, Henderson County.

Action by Ben M. Richardson against Jake Thompson and another. From a judgment for plaintiff, defendants appeal. Affirmed.

This is an action by appellee against appellants in trespass to try title to 320 acres of land situated in the southwest corner of the John F. Hollien survey in Henderson county. The Hollien survey was patented October 23 1845, and the appellee was, as proved, the owner in fee simple of the land sued for, by regular chain of deeds from the patentee to himself. The defendants, William and Jake Thompson, each claim 57 acres of the land, specifically described, under the statute of limitation of ten years' adverse possession. They do not claim by or under any deed or claim, but only under naked occupancy for ten years. The issue respecting the defendants' adverse possession of that part of the land claimed by them was submitted to a jury, and their finding was to the effect that the actual adverse possession before suit of William Thompson and wife extended to and included only about 4 acres, specifically described, of the land in suit, and that the actual adverse possession of Jake Thompson and wife extended to and included only about 9 acres, which was described, of the land in suit. The evidence respecting the plea of limitation is conflicting. There is evidence from which the jury could have made the finding that they did, and their finding is here adopted.

Miller & Miller and Faulk & Faulk, all of Athens, for appellants. Richardson & Watkins, of Athens, for appellee.

LEVY, J. (after stating the facts as above). [1] The several assignments of error based upon the giving and refusing by the court of instructions to the jury may not be reviewed by this court for the appellants did not, so far as the record discloses, except to "the ruling" of the court in such respect, as required by the statute. Railway Co. v. Wadsack, 166 S. W. 42; Railway Co. v. Bland, 181 S. W. 504.

[2] The remaining assignment of error contends that the verdict of the jury respecting limitation is contrary to the evidence and the law. Concluding, as we have, that there is evidence in the record from which the jury could find, as they did, that the actual adverse possession of the defendants to the time of bringing the suit by appellee extended only, in point of fact, to the area of land described in their verdict, the assignment of error should, it is believed, be overruled. That the actual adverse possession of each defendant extended in fact to a less area of land than that claimed by them in their answer would not afford a sufficient ground to set the verdict aside.

Affirmed.