WESTERN UNION TELEGRAPH CO. v. HUFFSTUTLER. (No. 5666.)

(Court of Civil Appeals of Texas. Austin. June 21, 1916. On Motion for Rehearing, Oct. 7, 1916.)

1. JUSTICES OF THE PEACE ☞90—PLEADING—SUFFICIENCY.

Under Vernon's Sayles' Civ. St. 1914, art. 2326, permitting oral pleadings in justices' courts, pleadings need not, even if written, be so particular or full as in other courts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. ☞90.]

2. JUSTICES OF THE PEACE ☞91(2)—FAILURE TO TRANSMIT MESSAGE—PLEADING—SUFFICIENCY.

Failure of petition in justice's court for loss of profit on resale contract due to failure to transmit prepaid message to allege the special damage does not render it demurrable; allegations of general damage being sufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 310; Dec. Dig. ☞91(2).]

3. TELEGRAPHS AND TELEPHONES ☞66(4)—FAILURE TO TRANSMIT MESSAGE—EVIDENCE.

Evidence held to show notice to telegraph agent of special character of message, so as to render company liable for failure to transmit.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 63; Dec. Dig. ☞66(4).]

### On Motion for Rehearing.

4. APPEAL AND ERROR ☞216(3), 263(1)—SCOPE—PRESERVATION OF EXCEPTIONS.

A party who fails to except to an erroneous charge given, or to request a correct charge, acquiesces in the given charge, and cannot thereafter have the verdict set aside for insufficiency of the evidence which was sufficient under the given charge, although he moved for peremptory charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1583; Dec. Dig. ☞216(3), 263(1); Trial, Cent. Dig. §§ 627, 660.]

Appeal from Lampasas County Court; J. Tom Higgins, Judge.

Action by T. J. Huffstutler against the Western Union Telegraph Company. Decree in county court affirming, on certiorari, decree of justice court for plaintiff, and defendant appeals. Affirmed.

Alfred T. Benedict, of New York City, and McCartney & McGee, of Brownwood, for appellant.

RICE, J. This suit arose in the justice court, where judgment was rendered for appellee, and was removed by certiorari to the county court, where a trial was had and judgment again rendered in favor of appellee, from which this appeal is prosecuted. This is the second appeal in this case. See 170 S. W. 1053.

In September, 1912, appellee made a contract with J. A. Scurlock, by which he purchased a carload of fat beef cattle, to be shipped from San Augustine county to Lometa, Tex. On October 1, 1912, Scurlock telegraphed appellee that he had the cattle ready for delivery to the Gulf, Colorado & Santa Fé Railway Company at San Augustine, Tex., for shipment to Lometa, requesting appellee to pay his sight draft for $500. On receipt of the telegram, appellee requested his agent, McCarson, to send Scurlock a telegram that he would pay the draft when the cattle were loaded and consigned to him at Lometa, which telegram was delivered, charges prepaid, to appellant for transmission, but was never sent, and appellee never

received the cattle. The facts show that he had resold the cattle to one Joe Watson, and would have realized a net profit of $190 on the sale if the telegram had been delivered.

[1, 2] Appellant urged a general demurrer and numerous special exceptions to the petition, among others, one to the effect that, as appellee was suing to recover special damages, it was necessary for him to aver that appellant had notice of such contract of resale to Watson, as claimed by him, at or prior to the delivery to it of said message. The petition did not contain such allegation, for which reason appellant insists that the same is defective, citing in support of its contention the following cases: Railway Co. v. Brown, 33 Tex. Civ. App. 237, 76 S. W. 580; Telegraph Co. v. Thomas, 7 Tex. Civ. App. 105, 26 S. W. 117; Telegraph Co. v. Grocer Co., 28 S. W. 905; Telegraph Co. v. True, 101 Tex. 236, 106 S. W. 315; Telegraph Co. v. Barkley, 62 Tex. Civ. App. 573, 131 S. W. 849; Elliott v. Telegraph Co., 75 Tex. 18, 12 S. W. 954, 16 Am. St. Rep. 872; Clark Mfg. Co. v. Telegraph Co., 152 N. C. 157, 67 S. E. 329, 27 L. R. A. (N. S.) 643; Evans v. Telegraph Co., 102 Iowa, 219, 71 N. W. 219.

The cases cited are in point, and if the *instant* case had been originally filed in the district or county court, we would sustain appellant's contention; but the rule is quite different when applied to a case originating in the justice's court. Article 2326, vol. 2, Vernon's Sayles' Civ. Stats., provides that pleadings in the justice's court shall be oral, except where otherwise specially provided, but a brief statement thereof may be noted on the docket. It is well settled in this state that the rules applicable to formal written pleadings in the district and county courts have no application to proceedings in the justice's court. The fullness and particularity required of written pleadings are dispensed with in the justice's court. See I. & G. N. Ry. Co. v. Philips, 63 Tex. 590; also I. & G. N. Ry. Co. v. Donalson, 2 Willson, Civ. Cas. Ct. App. § 239. See, also, Threadgill v. Shaw, 130 S. W. 707, and authorities there cited. And this is true even if the pleadings in the justice's court be in writing. See Howard v. Fabj, 42 Tex. Civ. App. 42, 93 S. W. 225. And the pleadings on appeal from the justice to the county court are governed by rules applicable in the justice's court. See Threadgill v. Shaw, supra; Barnes v. Sparks, 62 Tex. Civ. App. 451, 130 S. W. 610. We think the petition stated a good cause of action, and, under the decisions above cited, was not required to contain the allegations mentioned, for which reason we overrule appellant's assignments of error assailing same.

[3] Appellant is mistaken in the contention that its agent was not notified of the purposes and object of the message at the time it was delivered for transmission. Appellee testified as follows:

"The Western Union Telegraph Company's agents Jackson and Rogers knew me and knew what business I was engaged in. I had frequent transactions with them in shipping cattle. They knew the purposes of the telegram I had received and was attempting to send. I told them."

We have examined the remaining assignments, and regard them as not well taken.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.

### On Motion for Rehearing.

[4] This being an action to recover special damages, it is insisted by appellant that it was essential to show that the telegraph company had notice of the resale of the cattle at the time it received the telegram for transmission. In the original opinion we recited a conversation occurring between appellee and the agents of the company, in which he claimed to have notified them of such contract and the purpose and object of the telegram. But it is contended on the part of appellant that this conversation did not occur at the time the telegram was delivered to the company's agents, but several days thereafter, for which reason it is insisted that the evidence is insufficient to warrant the verdict in appellee's favor. Conceding that the conversation did not occur at the time of the delivery of the telegram to appellant's agents, still it does not follow that appellant would be entitled to have the verdict set aside, for the reason that the court submitted the case to the jury on a general charge which authorized a recovery by appellee without such proof, and which charge must be regarded as approved by appellant, since it failed to except thereto. See Acts 1913, p. 113; article 2061, vol. 2, Vernon's Sayles' Rev. Civ. Stats.; Floegge v. Meyer, 172 S. W. 194; Railway Co. v. Bartek, 177 S. W. 139; Railway Co. v. Alcorn, 178 S. W. 833; Steele v. Dover, 170 S. W. 813; Railway Co. v. Barnes, 168 S. W. 991; Elser v. Putnam, 171 S. W. 1052; Railway Co. v. Wadsack, 166 S. W. 45; I. & G. N. Ry. Co. v. Bland, 181 S. W. 504. See, also, Hume v. Carpenter, 188 S. W. 707, decided by this court June 14, 1916, not yet published. Nor was any special charge requested by appellant covering this feature of the case.

It is true that appellant did ask a peremptory charge in its favor, but reserved no exception to the refusal of the court to give the same. As appellant, under the authorities above cited, must be regarded as having acquiesced in the charge given, it cannot now, we hold, complain that the verdict is unsupported by the evidence, because it failed to show want of notice of the purpose and object of the telegram when delivered; and especially is this true where the evidence, as in the instant case, under the charge as given, warrants the verdict.

So believing, we think the motion for rehearing should be overruled; and it is so ordered.

Motion overruled.