Fort Worth & Denver City Railway Company v. Marvin Poteet.

Decided December 19, 1908.

1.—Railway—Negligence—Trespasser—Failure to Discover.

A railway company may be held liable for negligence in failing to keep a proper outlook and discover the presence of one run over and injured on their track, though the injured person was a trespasser and not at a crossing or frequented place, where he was not guilty of contributory negligence, being too young to be charged therewith from the fault of trespassing.

2.—Same—Signals—Person Not on Crossing.

Failure to give the signals required by statute on approaching a highway crossing is not negligence in law as to a person injured on the track at another point; but may, as to such person, constitute negligence in fact. See

charge held to properly submit such negligence as a question of fact and to be justified by the evidence considered.

### 3.—Proximate Cause—Charge—Omission.

In a charge submitting contributory negligence, the fact that it was made a defense if proximately contributing to cause the injury when there was no doubt that such negligence, if shown, was proximate, was not affirmative error, but mere omission, not ground for reversal in the absence of a requested charge supplying instruction on the theory omitted.

### 4.—Contributory Negligence—Child on Track—Charge.

A requested instruction holding a child seven years old, injured while trespassing on a railway, to have been guilty of contributory negligence if of "sufficient mental capacity to realize the danger of being on the track," held properly refused, in view of the form of defendant's pleading, the other instructions given, and the evidence bearing on the issue.

Appeal from the District Court of Wise County.   Tried below before Hon. J. W. Patterson.

*Spoonts, Thompson & Barwise, T. J. McMurray,* and *J. M. Chambers,* for appellant.—Plaintiff having been struck at a point inside the right of way, and not at the crossing, the statute regulating the alarms for public road crossings has no application, and it was error to submit to the jury the issues as to whether the whistle was sounded at the distance of eighty rods from the crossing, and the bell rung until the crossing was passed, and whether a failure to give such alarms was negligence, and to authorize a recovery should the jury determine that such alarms were not given and that the failure was negligence causing the injury.  Texas & P. Ry. Co. v. Stoker, 103 S. W., 1183; Missouri, K. & T. Ry. Co. v. Saunders, 106 S. W., 321.

The evidence showing that the plaintiff was walking on the track and permitted himself to be overtaken by defendant's train, and the defense of contributory negligence having been pleaded, it was error for the court, in submitting such defense, to submit the issue as to whether plaintiff's negligence in being upon the track was the proximate cause of the injury.  El Paso & S. W. Ry. Co. v. Vizard, 88 S. W., 457; Gulf, C. & S. F. Ry. Co. v. Bryant, 30 Texas Civ. App., 4; Galveston, H. & S. A. Ry. Co. v. Hubbard, 70 S. W., 112; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Gulf, C. & S. F. Ry. Co. v. Hill, 29 Texas Civ. App., 12; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Culpepper v. International & G. N. R. R. Co., 90 Texas, 627; Parks v. San Antonio Trac. Co., 94 S. W., 331.

Plaintiff, being a trespasser upon defendant's track, and at a point where an approaching train could be seen for a distance of two miles, and in daylight, and there being no issue of discovered peril, would be precluded from a recovery by reason of contributory negligence, as a matter of law, if he had sufficient mental capacity to realize and comprehend the danger of being on the track, and defendant was entitled to have the jury so instructed.   Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; Gulf, C. & S. F. Ry. Co. v. Matthews, 88 S. W., 192; Smith v. International & G. N. R. R. Co., 34 Texas Civ. App., 209.

*R. E. Carswell* and *Trabue Carswell,* for appellee.—If appellee was

not guilty of negligence in being and remaining on the track, appellant owed him the duty of keeping a reasonable lookout for his safety, and the charge was correct. Missouri, K. & T. Ry. Co. of Texas v. Hammer, 34 Texas Civ. App., 354; St. Louis & S. W. Ry. Co. v. Bolton, 81 S. W., 125, 126; Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Texas & P. Ry. Co. v. Watkins, 88 Texas, 24; St. Louis & S. W. Ry. Co. v. Shifflet, 56 S. W., 697; Olivaras v. San Antonio & A. P. Ry. Co., 77 S. W., 983; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 616; Galveston City Ry. Co. v. Hewitt, 67 Texas, 479.

The appellee being upon the track immediately south of the crossing, which he was just leaving, and the train coming from the north approaching the crossing, it was proper to submit to the jury the question of whether or not it was negligence to fail to sound the whistle and ring the bell for the crossing. International & G. N. Ry. Co. v. Gray, 65 Texas, 35; Missouri, K. & T. Ry. Co. v. Saunders, 106 S. W., 322; Galveston, H. & H. Ry. Co. v. Levy, 79 S. W., 882; San Antonio & A. P. Ry. Co. v. Brock, 80 S. W., 425; Houston & T. C. Ry. Co. v. Burnet, 108 S. W., 406.

The charge complained of is negative and correctly states the law; it does not contain an affirmative misdirection, and did not mislead the jury. San Antonio & A. P. Ry. Co. v. Lester, 89 S. W., 754, 755; Parks v. San Antonio Trac. Co., 94 S. W., 331.

Appellee was not, as a matter of law, guilty of negligence in being and remaining upon the track until he was struck, under all the circumstances of this case, and the special charge was properly refused. Galveston, H. & S. A. Ry. Co. v. Ryon, 70 Texas, 59; San Antonio & A. P. Ry. Co. v. Brock, 80 S. W., 425; International & G. N. Ry. Co. v. Gray, 65 Texas, 36.

CONNER, CHIEF JUSTICE.—On or about the 27th day of April, 1907, Marvin Poteet, seven years of age and alleged to be without experience and discretion or mature judgment, left the home of his parents together with his mother and a younger brother, and traveled in an easterly direction along a much used and traveled public road until it reached a public crossing over appellant's line of railway, which extended north and south. Just before the crossing was reached the mother directed the little boys to get out and await the coming of their father, who was engaged in plowing cotton immediately west of appellant's right-of-way, the rows extending north and south, while she, the mother, proceeded along a public road extending north along the west side of appellant's railway to the town of Rhome, about two miles away. After the departure of the mother the little boys entered upon the crossing and Marvin Poteet turned south along the railway track, crossed over the cattle guard, and while walking the rails some twenty feet south of the crossing was knocked off by the engine of a southbound passenger train and injured as alleged. This suit was instituted by T. M. Poteet, as the father and next friend, to recover for the injuries so inflicted. It was alleged that the train in approaching said crossing was running down grade at a high and dangerous rate of speed, making no noise; that the employes operating the said train were guilty of negligence in running the train at such high speed at

that place, and in failing to sound a whistle at the distance of eighty rods from said crossing, or to ring a bell on said engine as it approached and passed the crossing. It was further alleged that Marvin Poteet was walking with his back to the train and did not hear its approach, and that the operatives of the train could, by the use of ordinary care, have seen him upon the track, and that they were guilty of negligence in having failed to keep a lookout and to see and warn him.

The appellant answered by a general denial and specially that "if plaintiff was ever injured by being struck by any of defendant's engines, he was so struck by reason of his own negligence, and that the plaintiff was guilty of negligence that caused and contributed to his own injury." The trial resulted in a verdict and judgment for appellee in the sum of $2,200.

Error is first assigned to the following paragraph of the court's charge: "If you find and believe that the plaintiff was on the track of the defendant a few yards from a public crossing, and if you believe that while he was so on the track one of defendant's engines drawing one of its trains approached and struck and hurt the plaintiff, and if you believe that the employes of the defendant in charge of said engine negligently failed to keep a proper lookout to discover persons that might be on the track on or near the said crossing, and if you believe that by reason of the failure to keep such lookout that the plaintiff was struck and hurt without fault or negligence on the part of the plaintiff that caused or contributed to his hurt, and if such failure to keep a lookout was negligence on the part of those in charge of said engine, and if the plaintiff was thereby damaged, the plaintiff would be entitled to recover the damages sustained as hereinafter charged upon and the measure of damages. Or if you find the plaintiff was on the track of the defendant's road at said point and if you believe that the agents and employes of the defendant in charge of its train failed to sound the whistle at the distance of eighty rods from such public crossing and to ring the bell and keep the bell ringing till the train passed said public crossing, and if you believe the plaintiff was on the track of the defendant a few yards from such public crossing, and if you believe that the failure to so sound the whistle and ring the bell was negligence on the part of the agents and employes in charge of said train toward the plaintiff, and if you believe that by reason of such negligence of such agents and employes that the plaintiff was struck, hurt and damaged without fault or negligence on the part of the plaintiff that caused or proximately contributed to his hurt, you should find for the plaintiff." It is insisted that: "Plaintiff having been injured at a point on the track which was neither a public crossing nor a place used by the public, defendant was not required by law to keep a lookout for trespassers, and it was error to instruct the jury upon the issue as to whether such failure was negligence, and authorize a verdict for plaintiff in case such failure was found to be negligence and caused the injury." It is to be observed that the charge did not admit of a recovery in behalf of appellee on the ground of negligence in the operatives of the train to keep a proper lookout to discover persons that might be on the track on or near the crossing, unless the jury further found that Marvin Poteet was struck and hurt without fault or negli-

gence on his part. So that the question is whether employes operating a train are required to exercise ordinary care in keeping a lookout to discover persons not affected with contributory negligence, trespassers though they may be, upon the track in order to avoid injuring them. The authorities on the subject are not harmonious, but as early as March, 1881, our Supreme Court in the case of Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 616, said, referring to the conflicting decisions: "We prefer that line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence." The principle so stated has been frequently since adhered to by the decisions in this State. A clear application of it is to be found in the case of Missouri, K. & T. Ry. Co. of Texas v. Hammer, 34 Texas Civ. App., 354, in which a writ of error was denied by our Supreme Court. It was there expressly held by the Court of Civil Appeals for the Fifth District that in an action for injuries to a minor child while trespassing on a railroad track, an instruction requiring the railroad employes to use ordinary care to discover infants who may be on or near the track in front of the train by keeping a reasonable lookout for that purpose was proper. In the case of the St. Louis Southwestern Ry. Co. of Texas v. Bolton, 81 S. W., 123, in a suit brought for injuries to a child eleven years of age walking on a railroad trestle, the Court of Civil Appeals for the First District, in discussing the railway's contention that the child was a trespasser, and hence that no duty to keep a lookout was devolved upon the operatives of the train, say: "But conceding for the sake of argument, that the injured child was a trespasser, still the appellant owed her the duty to use reasonable care in the operation of its train and to discover her presence on its track. If appellant operated its train in a negligent manner, or negligently failed to keep a proper lookout to discover persons on its track, it would be liable to any person injured by such negligence who was not guilty of contributory negligence." Many other cases might be cited to the same general effect. Among them may be noted: Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Texas & P. Ry. Co. v. Watking, 88 Texas, 24; St. Louis & S. W. Ry. Co. v. Shifflet, 56 S. W., 697; Olivaras v. San Antonio & A. P. Ry., 77 S W., 983; Galveston City R. R. Co. v. Hewitt, 67 Texas, 479; Ft. Worth & D. C. Ry. Co. v. Cushman, 113 S. W., 198, and authorities cited in note to a North Carolina case published in 25 L. R. A., 784, and note (b) to case of Union P. R. Co. v. Cappier, 69 L. R. A., 543.

We think these authorities are conclusive against appellant's present contention. While it is true, as stated in some of the decisions, that ordinarily the fact that the injured person was upon the track without right would be such evidence of contributory negligence on his part as would prevent a recovery, yet this is not necessarily so, and where, as here, the evidence is such as to support a finding that the injured person was not guilty of contributory negligence in being upon the track, it was proper to submit the issue of negligence *vel non* in a failure to keep a proper lookout.

The further objections are made to the charge above quoted that

there is no law requiring the whistle of an engine to be sounded "at the distance of eighty rods" from a public crossing, and that appellee "having been struck at a point inside the right-of-way, and not at the crossing, the statute regulating the alarms for public road crossings has no application," and hence that the charge was erroneous in authorizing a finding of negligence in these respects, the case of the Missouri, K. & T. Ry. Co. of Texas v. Saunders, 106 S. W., 321, being cited in support of these contentions. In the case referred to, Saunders was injured at a place other than a road crossing, and the trial court had given the provision of the statute (Revised Statutes, Article 4507) in charge to the jury and instructed that a failure to give the statutory signals would be negligence. In other words, in the Saunders case the question was whether the failure to give the statutory signals was negligence as a matter of law to a person not injured upon or near a road crossing. The court said in the opinion by Judge Williams that: "The question as to the correctness of the charge depends upon the further question whether or not the failure to give crossing signals was negligence *per se* as to one situated as plaintiff was. The decisions of this court leave no doubt that such a failure is by law made negligence with respect to those for whose protection the statute was designed. As to others, the omission may or may not constitute negligence in fact, the question depending on the circumstances of the particular case, and being one for the jury, and not for the court, to determine." While it was held that Saunders was not within the protection of the statute and that therefore the charge given was erroneous, the quotation we have made from the opinion plainly indicates that a failure to observe the statutes in giving the warning signals may or may not under the circumstances of a given case constitute negligence as matter of fact, and that when the circumstances are such as to fairly raise the inference of negligence in these respects, it is proper to submit the matter as an issue of fact to the jury. That is precisely what was done in the charge now under consideration by us. Appellee alleged in his petition negligence in a failure to blow the whistle at the distance of eighty rods, and in a failure to ring the bell until the crossing was passed, and circumstances are easily conceivable that would raise the issue of negligence in these respects as a matter of fact, and appellant under its propositions raising these questions makes no contention that the circumstances in this case fail to raise the issue. We therefore conclude that the court did not under the circumstances of this case err in submitting the failure to observe statutory signals as alleged. As indicating the correctness of our conclusion, see International & G. N. Ry. Co. v. Gray, 65 Texas, 35; Galveston, H. & H. R. R. Co. v. Levy, 79 S. W., 882; San Antonio & A. P. Ry. v. Brock, 80 S. W., 425; Houston & T. C. Ry. Co. v. Burnet, 108 S. W., 406.

In the second assignment objection is made to the third paragraph of the court's charge, viz.: "If you find that the plaintiff before going on the track of the defendant or while on said track failed to look and listen for approaching trains, and if you believe such failure to look and listen for trains was negligence on the part of the plaintiff, or if you

believe the plaintiff was guilty of negligence in going or being upon the track at the time and place he was hurt, and if you believe that such negligence on the part of the plaintiff caused or contributed proximately to his injury, you will find for the defendant, even though you should find that the agent and employes of the defendant in charge of the train were themselves guilty of negligence, and in determining whether or not the plaintiff was guilty of negligence you should consider his age, intelligence, experience (if any) and the knowledge or information (if any) he had of the danger of being hurt or injured by being on the track, together with all the other facts and circumstances in evidence, if any, that throw light on the question." Appellant's proposition is that: "The evidence showing that the plaintiff was walking on the track and permitted himself to be overtaken by defendant's train, and the defense of contributory negligence having been pleaded, it was error for the court, in submitting such defense, to submit the issue as to whether plaintiff's negligence in being upon the track was the proximate cause of the injury." The contention is that if appellee was negligent such negligence without dispute was the proximate cause of his injury, and that the charge therefore was erroneous as submitting as an issue such undisputed fact. The paragraph of the charge quoted did not authorize a recovery for the plaintiff, but was one in favor of appellant. In other words, the charge was purely negative and unquestionably correct as far as it went, and the objection made seems clearly within the cases of San Antonio & A. P. Ry. Co. v. Lester, 89 S. W., 752; Parks v. San Antonio Traction Co., 94 S. W., 331, and Texas Cent. R. Co. v. Johnston, 111 S. W., 1098. In the case first mentioned our Supreme Court discussed the principal cases cited by appellant in support of the above contention, and it was pointed out that they had no application to charges of the character of that here in question.

In the third and fifth assignments error is assigned to the refusal of the court to give defendant's special charges Nos. 3 and 4 on the issue of appellee's contributory negligence. The principal contention seems to be that if appellee had sufficient mental capacity to realize and comprehend the danger of being on the track, he was guilty of contributory negligence as a matter of law, and that the jury should have been specifically so instructed. In the case of Ollis v. Houston, E. & W. T. Ry. Co., 73 S. W., 30, which was a suit to recover damages to an infant six years of age, the court thought the child too young to know the danger of his position, and in Gulf, C. & S. F. Ry. Co. v. Cunningham, 30 S. W., 367, this court held that it would have been improper for the jury to have been instructed that a trespassing boy, seven or eight years of age, was guilty of negligence. In our criminal law (Penal Code, Article 34) it is provided that no person can be convicted of an offense, however grave, before the age of nine. In other words, the criminal law in effect conclusively presumes that an infant before he has attained the age of nine is without mental capacity, judgment and discretion sufficient to subject him to punishment. It seems, however, that the civil law has fixed no definite age when it can be said, as a matter of law, that an infant can not be guilty of contributory negligence. See St. Louis & S. F. Ry. Co. v. Christian, 8 Texas

Civ. App., 248; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 70. And we think the court in the case here properly and sufficiently submitted the issue to the jury. Appellant did not specifically allege negligence on the part of appellee in going upon the railway track, or in being in the situation he was, or that he had sufficient mental capacity to realize the danger of his position, but on the contrary, as before stated, its plea was of the most general character, and we are inclined to the opinion that it would have been misleading for the court to have charged the jury to find appellee guilty of contributory negligence, if they should find in appellant's favor the single fact of "sufficient mental capacity to realize the danger of being upon the track." The court submitted the issue more definitely than appellant pleaded it, and authorized the jury to consider not only appellee's mental capacity, but also all other evidence relating to the issue, which in our judgment was proper, and the court's charge was further particularized and amplified in appellant's special charge No. 5, which the court gave. So that, on the whole we feel no hesitation in saying that the issue of appellee's contributory negligence was as fully and fairly submitted as appellant had any right to demand.

There is an assignment of error also directed to the sixth paragraph of the court's charge on the measure of damages, but the objection seems dependent upon a mere matter of punctuation and we do not deem it worthy of discussion.

We conclude that the evidence sustains the material allegations of appellee's petition and the verdict of the jury, and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.