PALMER et al. v. LOGAN et al. (No. 5648.)*

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1916. Rehearing Denied Nov. 29, 1916.)

1. WILLS ⊕⇒206—ACTIONS TO DETERMINE VALIDITY—FINDINGS AS TO REVOCATION.

Where the jury has found that a will proposed has been revoked, until that finding was set aside, it was not the duty of the court to admit the will to probate, however well its execution is established.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 513, 514; Dec. Dig. ⊕⇒206.]

2. WILLS ⊕⇒360—ACTIONS TO ESTABLISH VALIDITY—REVIEW—EXCEPTIONS.

Under Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, providing that the ruling of the court on instructions shall be regarded as approved unless excepted to as provided, etc., where in a will case proponents took no exception to a charge that in effect told the jury that the execution of a revoking holographic will could be proved by less than two witnesses, they are estopped from making the contention on appeal that the execution of the subsequent holographic will containing a revoking clause must be proved by two witnesses and established as a valid will under the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 825; Dec. Dig. ⊕⇒360.]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Application by Mrs. Georgia B. Palmer and others to probate the will of G. W. Logan, deceased, and for letters of administration with will annexed, contested by Mollie Logan and others. On appeal from a judgment of the county court establishing will, admitting it to probate, and appointing proponent executor, the circuit court rendered judgment declaring the will offered by proponent revoked by a later will, and overruled motion for new trial, and proponents appeal. Affirmed.

Mantor & Briggs, of Taylor, W. M. Allison, of Georgetown, and Spivey, Bartlett & Carter, of Marlin, for appellants. Batts & Brooks, of Austin, and O. E. Roberts, of Taylor, for appellees.

KEY, C. J. We copy from appellants' brief the following statement of the nature and result of this suit:

"This was an application to the probate court of Williamson county by Mrs. Georgia B. Palmer and others, to probate the last will of G. W. Logan, and for letters of administration with the will annexed. Appellees contested said application, denying that the will offered by proponent was the last will and testament of defendant, and alleging that he revoked such will by a later one charged to be in the possession of pro-

ponent, or to have been secreted, suppressed, or destroyed by her. Appellees also charged conspiracy on the part of proponent and others to suppress the will alleged by contestants to exist, and to defraud Mrs. Mollie Logan of her rights under said last-named will; also alleging that the will offered by proponent was executed at a time when testator was laboring under a mental delusion rendering him incapable of making a will and as a result of fraud and undue influence upon the part of proponent.

"Contestant, Mrs. Mollie Logan, also asked that in case the will offered by proponent should be admitted to probate, that said contestant be appointed administratrix with said will annexed. The judgment of the county court established the will offered by proponent as the last will of testator, and admitted it to probate, and appointed proponent as executrix.

"On appeal by contestants to the district court, judgment was rendered declaring that the will offered by proponent had been revoked by a later will. Upon this judgment proponent duly filed motion for new trial, which was overruled, and she excepted and gave notice of appeal to this court, and thereafter duly perfected same by giving the requisite bond.

"Both the will offered by proponent and the one alleged to have been made revoking it, were holographic wills. The district court submitted but one issue to the jury, and the judgment was rested on it, to wit: 'Has the said will of G. W. Logan dated July 18, 1910, and herein sought to be probated, been revoked by the said G. W. Logan in the manner required by law as hereinafter charged?' To which the jury answered that it had."

We make this additional statement: Appellants asked no special charges, and made no objection, and reserved no exceptions to the charge of the court until they filed their motion for a new trial. The charge of the court reads as follows:

"Gentlemen of the jury: In this case the petitioner, Mrs. Georgia Palmer, is seeking to probate an instrument dated July 18, 1910, and executed by George W. Logan, petitioner alleging that said instrument is the last will and testament of the said George W. Logan, deceased. Mrs. Mollie Logan and the other contestants of said will have filed contest wherein they allege that the writing offered for probate by the said Mrs. Georgia Palmer is not in fact the last will and testament of the said G. W. Logan, deceased, but contestants allege that said instrument offered for probate by Mrs. Georgia Palmer has been revoked.

"This case is submitted to you upon special issues; that is, certain questions are asked you, each of which you will answer 'Yes' or 'No' where such questions are susceptible of being so answered, placing your answers on the sheet handed you, headed: 'Verdict of the jury' opposite to the number upon said sheet which corresponds with the number of the question asked in the charge.

"Upon the law of the case you are instructed that you are the exclusive judges of the facts proved and the credibility of the witnesses and of the weight to be given to their testimony, but you are bound to receive the law from the court as herein given you and be governed thereby.

"You are further instructed that the burden is upon the petitioner to prove by a preponderance of the evidence that the will offered for probate by Mrs. Georgia Palmer has not been revoked.

"You are further instructed that a written will can be revoked by the testator only by a subsequent will or declaration in writing, signed by the testator; and you are further instructed that, in order for such revocation to be effected, the

same must have been wholly written and signed by the testator or must have been attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator.

"Now, bearing in mind the foregoing instructions, the following question is submitted to you:

"Question No. 1: Has the will of the said G. W. Logan, dated July 18, 1910, and herein sought to be probated, been revoked by the said G. W. Logan in the manner required by law as hereinbefore explained?"

There was no general verdict, and the jury answered in the affirmative the only special issue that was submitted to them.

## Opinion.

The case is submitted in this court upon only two assignments of error, which read as follows:

"First assignment of error: The evidence on the trial in the district court was wholly insufficient to support the verdict rendered by the jury in this: (a) The undisputed evidence herein shows that the instrument offered for probate herein by proponents, of date July 18, 1910, as the last will and testament of G. W. Logan, deceased, was wholly written and signed by G. W. Logan, deceased; that said G. W. Logan at the time of executing said will was more than 21 years of age; that he was of sound mind; and that said G. W. Logan died in Taylor, Texas, on —— day of August, 1914; that said will was, after the execution of same, kept by the said G. W. Logan with his private papers at his home in Taylor, Williamson county, Texas; that same was found among his private papers at his home after his death, by his wife and children; and that said will was dated July 18, 1910, is in truth and in fact the last will of said G. W. Logan; and that same has not been revoked nor annulled by the said G. W. Logan, deceased.

"Second assignment of error. The court erred in refusing to admit to probate the will offered by proponent, because said will is a valid will, as shown above, and because said will had not been revoked, to wit: (b) The only evidence produced upon the trial hereof showing or tending to show any revocation whatever of said will dated July 18, 1910, is that one of the contestants, Mrs. Mollie Logan, who testified to seeing a subsequent holographic will of said G. W. Logan, bearing date during the year 1912; but there is no evidence that said alleged subsequent holographic will was ever seen by any person other than the said Mollie Logan, and therefore the evidence adduced in this case is wholly insufficient to establish the execution by said G. W. Logan of said alleged subsequent holographic will of date during the year 1912, or of any will or instrument executed by said G. W. Logan subsequent to said will of July 18, 1910, revoking said last-named will."

Under the first assignment of error, appellants submit but one proposition, which reads as follows:

"The will offered by proponent was wholly written and subscribed by the testator, who was of sound mind at the time, and without undue influence or fraud from any one; he was a married man, over the age of 21 years; the same was found among his papers at his home after his death, and was produced in court. It was therefore a valid will in all respects, and, under the evidence, should have been admitted to probate."

[1] A sufficient answer to that proposition is that it ignores the other issue in the case and upon which the jury found that the will

referred to therein had been revoked, and, until that finding was set aside, it was not the duty of the court to admit the will to probate, no matter how well its execution may have been established.

[2] Under the second assignment of error, appellants submit the following proposition:

"In order for one alleged will to revoke another, such revoking will must be established as a valid will to the same extent and by the same quantum of evidence as is required for any other will. And where only one witness testified as to the handwriting and signature of a subsequent holographic will, with practically no circumstances or other testimony corroborating her, such subsequent instrument should not be deemed a will or an instrument sufficiently proven up as to. defeat the previous will."

That assignment and the proposition submitted thereunder are sufficient to raise the main question dealt with by the briefs of the respective parties. That question may be stated thus: Inasmuch as we have a statute requiring parties who seek to probate a holographic will to prove its execution by two witnesses, therefore when it is sought to prove the revocation of a holographic will by written declaration contained in a subsequent holographic will, it is also necessary to prove the execution of such subsequent will by two witnesses. That particular question seems never to have been authoritatively decided in this state, and we have been referred to no case in other jurisdictions in which it has been so decided. However, in this case that question is academic, and need not be decided; and therefore, and for the further reason that one member of this court has recused himself, and the other two have not reached an agreement in regard to it, it will not be discussed in this opinion. Our reason for holding that the question referred to is abstract and immaterial, as applied to this case, results from the fact that upon the trial in the court below, by their failure to except to the charge of the court, appellants have estopped themselves from making the contention in this court that the execution of the subsequent will containing the clause which revoked the former will must be proved by two witnesses. The trial court seems to have overruled that contention, and the charge which was given to the jury in effect stated that the issue submitted to them was to be decided like issues of fact are usually decided in civil cases, in accordance with the preponderance of the testimony. Furthermore, the charge specially instructed the jury that the burden of proof was upon appellants to show that the will they sought to have probated had not been revoked, and that the jury were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony. The jury were not instructed that two witnesses were required to prove the execution of either will, and although the execution of the one containing the revoking clause was proved by but one witness, the jury must

have understood that the charge authorized them to find that the former will had been revoked, if they believed that Mrs. Logan, the witness referred to, told the truth concerning the execution by her husband of a second holographic will, and its existence after the death of the testator. So appellants have no right to have this case reversed upon the contention that the verdict of the jury is contrary to the law and the testimony, if as to the law of the case they are compelled to accept as correct the charge of the court. Prior to 1913, article 2061 of the Revised Statutes declared:

"The ruling of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

In 1913 the Legislature amended that article so as to make it read thus:

"The ruling of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided [for] in the foregoing articles."

That statute has been frequently construed by this and other courts, and it has been uniformly held that unless it is made to appear on appeal that the complaining litigant excepted to a charge given by the court, or to the refusal to give a requested charge, such complaining litigant must be held to have approved such action of the trial court, and to be estopped from asserting the law to be otherwise than as contained in the charge to the jury. See Acts 1913, p. 113; article 2061, vol. 2, Vernon's Sayles' Civ. Stats.; Floegge v. Meyer, 172 S. W. 194; Railway Co. v. Bartek, 177 S. W. 139; Railway Co. v. Allcorn, 178 S. W. 833; Steele v. Dover, 170 S. W. 813; Railway Co. v. Barnes, 168 S. W. 991; Elser v. Putnam, 171 S. W. 1052; Railway Co. v. Wadsack, 166 S. W. 45; I. & G. N. Ry. Co. v. Bland, 181 S. W. 504. See, also, Hume v. Carpenter, 188 S. W. 707, and Western Union Telegraph Co. v. Huffstutler, 188 S. W. 455, recently decided by this court and not yet officially published. Upon that subject the case of Railway Co. v. Bland, supra, is a leading case by this court, and we have no desire to modify the views therein expressed. True it is, the charge given in this case did not, in express terms, tell the jury that the execution of the revoking will could be proved by less than two witnesses; but it contained language which necessarily signified as much. It stated, in effect, that the jury should decide the issue in accordance with the preponderance of the evidence; and it told them, in express terms, that they were the exclusive judges of the credibility of the witnesses and of the weight to be given to their testimony.

Now, if the jury believed that Mrs. Logan told the truth as a witness, then, under the charge of the court, they could give to her testimony such weight as they deemed proper and could find that it proved the execution of the subsequent will. Such was the pur-

port and effect of the charge of the court; and, in as much as appellants did not except to it, they are, by force of statutory law, compelled to accept it on appeal as the law of this case, however erroneous such charge may in fact have been. This is the plain meaning of article 2061 as amended in 1913; and, as said by this court in the Bland Case, the Legislature had the power to make the law, and, having done so, it is the duty of the courts to enforce it, regardless of the views of any one as to its wisdom.

So it appears in this case that, by reason of appellants' failure to except to the charge of the court before it was read to the jury (which, in effect, charged the law otherwise), it must be held that they are now precluded from urging the contention that, in order to show a revocation of the will sought to be probated, by the execution of a subsequent holographic will containing a revoking clause, it was necessary for appellees to prove the execution of such subsequent will by the testimony of two witnesses.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

RICE, J., did not sit in this case.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes