HOUSTON BELT & T. RY. CO. v. PRICE et al. (No. 727.)

(Court of Civil Appeals of Texas. Galveston. Jan. 8, 1917. Rehearing Denied Feb. 8, 1917.)

1. RAILROADS ⚹⟞348(2) — INJURY TO PERSON ON TRACK — ACTIONS — EVIDENCE — SUFFICIENCY.

In an action against a railroad for personal injuries to a minor alleged to have been caused by defendant's negligence in blocking a street with its cars for more than five minutes in violation of an ordinance and in suddenly moving them upon plaintiff at a rate forbidden by ordinance and without warning while he was going around the cars, evidence held to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1139.]

2. RAILROADS ⚹⟞304 — NEGLIGENCE—VIOLATION OF ORDINANCE.

If a railroad blocked a street with its cars for more than five minutes in violation of a city ordinance, its act in so doing was negligence per se, and if such negligence, coupled with other alleged and proved negligent acts of defendant, was the direct and proximate cause of plaintiff's injury, he could recover in the absence of contributory negligence on his part.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 964.]

3. APPEAL AND ERROR ⚹⟞1001(1)—REVIEW—FINDINGS.

In an action for personal injuries, the appellate court is not authorized to disturb the findings of the jury based on sufficient evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928-3933.]

4. RAILROADS ⚹⟞351(5) — ACTION FOR INJURIES—INSTRUCTIONS.

Instruction, when read as a whole in light of all the facts and circumstances, held not subject to the objection that, in submitting the theory of a blocked crossing and the subsequent negligence on the part of defendant with reference to lookout, it imposed a greater duty to trespassers than that imposed by law under the circumstances.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1198.]

5. RAILROADS ⚹⟞351(5) — ACTION FOR INJURIES—INSTRUCTIONS.

Instruction, when read as a whole in light of all the facts and circumstances, held not subject to the objection that the jury is permitted to find for plaintiff upon the theory that, even if the crossing was blocked for less than five minutes allowed by ordinance, there would be a duty on the part of defendant to anticipate the presence of trespassers at or near the point where plaintiff was injured.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1198.]

6. APPEAL AND ERROR ⚹⟞263(3) — INSTRUCTIONS—EXCEPTIONS—NECESSITY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, providing that charges are regarded as approved unless excepted to, where there was no exception reserved to the court's action in refusing to submit special charges, the appellate court may not consider any error committed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1518, 1525.]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by Mrs. M. L. Price and others against the Houston Belt & Terminal Railway Company. From a judgment for the plaintiff Bonnie Pearson and for the defendant as against the other plaintiffs, the defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, Coke K. Burns, and W. L. Cook, all of Houston, for appellant. Sam, Bradley & Fogle and Fred R. Switzer, all of Houston, for appellees.

LANE, J. This suit was instituted by Mrs. M. L. Price, joined pro forma by her husband, H. F. Price, for herself and in behalf of her minor son, Bonnie Pearson, against the Houston Belt & Terminal Railway Company, defendant, to recover damages for personal injuries alleged to have been suffered by said minor son by reason of the negligence of the servants and employés of said defendant company.

It is alleged by plaintiff that on the 9th day of November, 1908, Bonnie Pearson was a boy of eight years of age, the son of Mrs. M. L. Price; that on said date the defendant company had its railway track and switches constructed on and across St. Emanuel street in the city of Houston; that on said date Mrs. Price, the mother of Bonnie Pearson, sent him to purchase bread; that in going to make said purchase he traveled northward on St. Emanuel street in the city of Houston until he reached a point where

defendant's tracks crossed said street; that at this point he found said street blocked by cars, which had been placed thereon by defendant's servants and employés, so that he could not cross said track; that said street had been so blocked for more than five minutes in violation of an ordinance of the city of Houston; that after arriving at said cars Bonnie waited for some time, and as said cars were not removed and said street opened, he went westward along the side of defendant's track about 150 feet and undertook to go around the end of a string of cars standing on said track and over said street, and that as he was crossing said track said cars were caused to be moved at a high rate of speed, more than 6 miles per hour, contrary to an ordinance of said city of Houston; that they were suddenly thrown upon said Bonnie, and thereby he was permanently injured. It is further alleged that no bell was rung nor whistle blown, or other warning given of the movement of said cars; that defendant had no one on the cars so moved, so as to give warning to Bonnie or others who might undertake to cross its track while said street was so blocked. All these matters were alleged to have been negligence on the part of defendant's employés, and the proximate cause of Bonnie's injuries.

Defendant answered by general demurrer, general denial, and pleas of contributory negligence, both as to the act of Mrs. Price in sending Bonnie, her eight year old son, on the errand before mentioned, and also as to the conduct of Bonnie in crossing defendant's track at the point and manner he did just prior to and at the time of the accident which resulted in his injury.

The case was tried before a jury which resulted in a general verdict for Bonnie Pearson for the sum of $6,250, and in favor of the defendant, Houston Belt & Terminal Company, as against Mrs. M. L. Price, and her husband, H. F. Price. Such verdict was by the court approved, and judgment accordingly entered. The defendant company alone has appealed.

By appellant's first assignment it is insisted that the court erred in not instructing a verdict for defendant, because there is no evidence showing negligence on the part of defendant as alleged by plaintiffs which was the proximate cause of the injury to Bonnie Pearson.

We have already shown that plaintiffs alleged negligence on the part of defendant in that it placed and permitted cars to block St. Emanuel street in the city of Houston for more than five minutes, in violation of an ordinance of said city; that while said street was so blocked defendant placed no one in such a position as to give those attempting to cross its track at or near the point where said street was blocked warning of the movement of said cars; that defend-

ant caused its cars to be moved at such point at a higher rate of speed than six miles per hour, in violation of an ordinance of said city of Houston; and that each and all of such negligent acts were the proximate cause of the injuries suffered by Bonnie Pearson.

Mrs. Price testified that she lived about two blocks south from the point where defendant's switch tracks crossed St. Emanuel street; that when Bonnie Pearson started from her home on his errand she noticed that defendant's cars were standing on and across said street.

Bonnie Pearson, a boy eight years of age, testified that it was about ten minutes from the time he left his home and started on his errand until he got to the end of the string of standing cars where he was injured. He also testified that when he got to the point where said cars blocked said street he waited four or five minutes before he started to go around the end of said string of cars; that he saw no one on the cars or near the crossing; and that no one warned him of danger.

S. C. Weaver testified that the cars had been standing across St. Emanuel street for about ten minutes at the time Bonnie was injured.

It was admitted that there was a city ordinance in force at the time of the accident in question making it unlawful for railway companies to leave its engines or cars standing upon or across any of the streets of said city so as to block them for more than five minutes, and that there was also an ordinance in force at such time making it unlawful for such companies to run its engines or trains within the corporate limits of said city at a greater rate of speed than six miles per hour.

The undisputed evidence shows that when Bonnie Pearson found said street blocked by said cars he undertook to go around the end of said standing cars to get across defendant's track, so as to pursue his journey, and that while crossing said track one of defendant's cars was suddenly backed upon him and one of his legs crushed off.

[1] We think the allegations and proof of negligence on the part of defendant was sufficient to support the submission of the cause to the jury, and to support the verdict rendered. T. & N. O. Ry. Co. v. Brouillette, 59 Tex. Civ. App. 337, 126 S. W. 287; St. L. & S. W. Ry. Co. v. Bolton, 36 Tex. Civ. App. 87, 81 S. W. 123, at page 125; Railway Co. v. Watkins, 88 Tex. 20, 29 S. W. 232; Ft. W. & D. C. Ry. Co. v. Poteet, 53 Tex. Civ. App. 44, 115 S. W. 883, and authorities therein cited.

[2] If defendant blocked St. Emanuel street for more than five minutes in violation of an ordinance of the city of Houston, its act in so doing was negligence per se, and if such negligence, coupled with other alleged and proven negligent acts of the de-

fendant, was the direct and proximate cause of Bonnie Pearson's injury, he was entitled to recover, in the absence of contributory negligence on his part.

[3] These questions were determined by the jury, upon sufficient evidence, in favor of Bonnie Pearson, and against defendant, and we are not authorized to disturb the finding of the jury on such issues. Appellant's first assignment is overruled.

[4, 5] After defining the terms "negligence," "contributory negligence," and "proximate cause," the court gave the further instruction as follows:

"Guided by these instructions, if you find from a preponderance of the evidence that Bonnie Pearson on the day of the injury alleged in plaintiffs' petition started on a lawful errand along St. Emanuel street to a point beyond the intersection of said street by defendant's track, and that he found said street blocked by the cars belonging to or operated by defendant, and that said street was so blocked by a standing car or cars, and if you further believe from the evidence that, owing to the time and circumstances of the blockade, if any, defendant's agents in charge of the operation of its cars at the time in question, in the exercise of ordinary care in the discharge of their duties, might reasonably have anticipated that persons desiring to cross at the point alleged would be reasonably expected to be found at or near the west end of the string of cars in an effort to go around same, and that as a means of proceeding on his journey the said Bonnie Pearson went down and along said string of standing cars, if any, and attempted to cross the track of said defendant company at the end of said string of cars, if any, and if you further find from the evidence that at or about the time said Bonnie Pearson attempted to cross said track at the end of said string of cars, if you find that he did, the defendant's agents and servants propelled said string of cars in such a manner as to cause one of said cars to run over said Bonnie Pearson, and that at the time or about the time of propelling said cars, if you find they did, said defendant company's agents and servants failed and neglected to use reasonable care to keep a lookout for persons who might be in a dangerous position on said track, and that said Bonnie Pearson thereby suffered the injury complained of, and if you further find that the failure, if any, on the part of defendant's agents and servants to use reasonable care to keep a lookout as aforesaid, under all the facts and circumstances in evidence, constituted negligence on the part of the defendant's agents and servants, and that such negligence, if any, was a proximate cause of the injury to the plaintiff, Bonnie Pearson, and he was so struck and hurt without fault or negligence on his part that caused or contributed to his injury, then you will find for the plaintiff Bonnie Pearson, unless you find for the defendant against the said Bonnie Pearson under the other portions of this charge or under special charges, if any, submitted by the court. * * * But if, on the other hand, you do not believe from the evidence that St. Emanuel street was blockaded at the time Bonnie Pearson attempted to cross defendant's tracks at said point, if he did so attempt, or that, if blockaded, you do not believe it was blockaded for such length of time and under such circumstances as that the defendant's operatives, in the exercise of ordinary care in the discharge of their duties, might have reasonably anticipated that persons desiring to cross at the point alleged would by reason of the blockade, if any, be found at or near the west end of the string of cars, in an effort to go around same, or if you do believe that the plaintiff Bonnie Pearson, in an effort to go around the west end of said string of cars, if any, was run over by the same being propelled against him, or do not believe that about the time of propelling said cars against the said Bonnie Pearson, if you find they did, the agents and servants of the defendant in charge of said cars failed to use reasonable care to keep a lookout for persons who might be in a dangerous position on said track, then, in either, any, or all of these events, you will let your verdict be in favor of the defendant.

"The court instructs you that there can be no recovery in this case if Bonnie Pearson, by negligence on his part, contributed to bring about the injuries sustained. The standard of care required of a minor in law is that he shall exercise ordinary care, by which is meant the degree of care which a person of ordinary prudence, of his age, intelligence, and experience, would have exercised under the same or similar circumstances, and a failure to exercise that degree of care will be deemed negligence.

In this connection the court further charges you that, if you believe from the evidence that Bonnie Pearson, on the occasion in question, went down St. Emanuel street to the railroad crossing, and there found the crossing blocked, and thereafter moved alongside of the railway track to a point on the railway company's property at the end of a string of standing cars, and that at such point he looked and could not see the end of the standing string, although noting that it extended over and beyond St. Emanuel street, and if you further believe that after so looking he attempted to cross the track, and if you further believe that such attempt under the attending circumstances was negligence on his part, in that event you will return a verdict in favor of the defendant.

"Or, if you believe from the evidence that Bonnie Pearson attempted to cross the defendant's track in order to go around a string of standing cars, and if you further believe that he went so near said standing string of cars as to make it more dangerous than had he gone across the track somewhat farther, and believe that in going as near as he did to the end of the standing cars Bonnie Pearson was guilty of negligence, your verdict must be in favor of the defendant."

Appellant insists that the court committed reversible error in submitting the first paragraph of the charge quoted: First, because in submitting the theory of a blocked crossing and a subsequent negligence on the part of defendant with reference to lookout the court imposed a duty to trespassers not imposed by law, and a greater duty than that so imposed, in the light of the attending circumstances; second, because under such instructions the jury is permitted to find in favor of plaintiffs upon the theory that, even if the crossing was blocked for a less time than five minutes, nevertheless there could be a duty on the part of defendant to anticipate the presence of trespassers at or near the point where plaintiff Bonnie Pearson was injured.

In the light of all the facts and circumstances in evidence, we do not think the charge of the court when read as a whole is subject to the objections urged thereto.

[6] We are not at liberty to consider any error committed by the court, if any, in refusing to submit any of the special charges requested by defendant, as there was no exception reserved to the action of the court in so doing. Vernon's Sayles' Civ. St. 1914, art.

2061; Railway Co. v. Dickey, 187 S. W. 184; Saunders v. Thut, 165 S. W. 553.

We find no such error, if any, in the trial of this case as should require a reversal of the judgment rendered, and therefore the judgment of the trial court is affirmed.

Affirmed.