CUMMENS v. OWEN BROS. CONST. CO.
(No. 1760.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1917.)

1. APPEAL AND ERROR ⛒263(1, 3)—REVIEW—EXCEPTIONS.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, providing that objections to the charge of the court shall in each instance be presented before the charge is read to the jury, and all objections not so made and presented shall be considered as waived, and article 2061, providing that the ruling of the court and the giving, refusing, or qualifying of instructions shall be regarded as approved unless excepted to, where plaintiff did not except to the court's action in giving and refusing instructions, he is in the attitude of having approved the rulings at the trial; hence assignments of error based on such action will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1518, 1520, 1522, 1523, 1525, 1529-1532.]

2. HIGHWAYS ⛒115—CONTRACTS—CONSTRUCTION OF ROADS—LIABILITY OF CONTRACTOR.

A contract for the construction of a road whereby the contractor assumed liability for all accidents and damages accruing by negligence of himself or employés during the prosecution of the work did not cover an injury received after the work was completed and because of a defect in the road as completed by one not a party to the contract.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 358-370, 372, 373.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by E. F. Cummens against the Owen Bros. Construction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Appellee, having contracted with Fannin county to construct a road for the use of the public employed one Larrimore and his associates to construct a part of it. This was a suit by appellant against appellee for damages for personal injury which he claimed he suffered as a result of the negligent manner, as he alleged, in which said part of the road was constructed. After hearing the testimony, the trial court instructed the jury to find in appellee's favor, on the ground that Larrimore and his associates were independent contractors for whose negligence appellee was not liable to appellant. The appeal is from a judgment based on a verdict conforming to such instruction.

Hous Lee and H. G. Evans, both of Bonham, for appellant. Cunningham & McMahon, of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The assignments based on the action of the court in giving and refusing instructions are overruled. It does not appear that appellant excepted to the action of the court in those particulars. Therefore he

---

is in the attitude of having approved at the trial the rulings complained of in said assignments. Articles 1971 and 2061, Vernon's Statutes; Palmer v. Logan, 189 S. W. 761.

[2] The only other assignment in appellant's brief is one in which he complains because the court excluded as evidence a clause in the contract between appellee and Fannin county as follows:

"The contractor [appellee] hereby assumes all risk and liability for accidents and damages that may accrue to persons or property during the prosecution of the work by reason of the negligence or carelessness of himself, his agents or employés."

Had appellant been a party to the contract, or for any other reason entitled to invoke the stipulation set out, and he was not, it would not have helped his case; for he was not injured "during the prosecution of the work" of constructing the road, but after it was completed and because of a defect in it as completed.

The judgment is affirmed.