ROBINSON et al. v. GALVESTON, H. & S. A. RY. CO. (No. 350.)

(Court of Civil Appeals of Texas. Beaumont. May 3, 1918. Rehearing Denied May 15, 1918.)

1. APPEAL AND ERROR ⬅262(1) — SCOPE — PRESERVATION OF EXCEPTIONS.

Under specific provision of Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), failure to except to refusal to submit special issues waives objection thereto, and the alleged error cannot be considered on appeal, nothwithstanding Acts 35th Leg. c. 177, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), rendering formal bill of exceptions unnecessary; such act not having been effective at the time of trial.

2. RAILROADS ⬅352—INJURIES TO PERSONS —NEGLIGENCE.

In action for injuries in collision of automobile and railroad car, jury's finding that the railroad was guilty of no negligence which was the proximate cause of the accident was conclusive, irrespective of finding on issue of contributory negligence, unless the findings were in irreconcilable conflict.

3. RAILROADS ⬅350(32)—INJURIES TO PERSONS — QUESTIONS FOR JURY — PROXIMATE CAUSE.

Issue of proximate cause, in an action for injuries in collision between automobile and railroad car, like issue of negligence, is nearly always a question of fact for the jury.

4. APPEAL AND ERROR ⬅999(1) — CONFLICTING FINDINGS—SCOPE OF REVIEW.

In action for injuries to husband, wife, and minor child, in collision between automobile and railway car, finding that railroad was guilty of no negligence which was the proximate cause of the accident will not be disturbed, where it found the husband and wife were contributorily

negligent, in spite of further finding that the child was not so negligent.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Jesse Edwin Robinson and others against the Galveston, Harrisburg & San Antonio Railway Company. The two suits were consolidated, and there was judgment on verdict for defendant, and plaintiffs appeal. Affirmed.

John W. Parker and K. C. Barkley, both of Houston, for appellants. Baker, Botts, Parker & Garwood and McMeans, Garrison & Pollard, all of Houston, for appellee.

HIGHTOWER, C. J. We take from appellants' brief the following statement of the nature of this case, which is shown by the record to be substantially correct: R. L. Robinson and his wife, Julia E. Robinson, and their six year old son, Jesse Edwin Robinson, were all to some extent injured in a collision between the automobile in which they were riding and a motorcar on the Galveston, Harrisburg & San Antonio Railway, at a point where such railway is crossed by the La Porte and Houston public road in Harris county, on May 8, 1915. They brought suit against the railway company for damages for the injuries alleged to have been sustained. Mrs. Robinson afterwards died, though it was expressly found by the jury that her death was not caused by any injury claimed to have been sustained in this collision, and thereafter the suit by R. L. Robinson and that by Jesse Edwin Robinson were consolidated; and other minor children of Mrs. Robinson, deceased, and her parents were made parties plaintiffs on the theory that the death of Mrs. Robinson was due to the injury received by her in the collision. The case was tried with a jury, and was submitted on special issues, and upon the verdict of the jury, which consisted of its answers to these numerous special issues, judgment was rendered in favor of the defendant, appellee here. Motion for new trial was made by the plaintiffs, which was overruled by the court, and the case has been properly brought here by appeal.

The first five assignments of error complain of the action of the trial court in refusing to submit to the jury certain special issues requested by appellants, being special issues Nos. 1, 2, 3, and 4. To the consideration of each of these assignments by this court, appellee has interposed objection, the reason assigned for the objection being that it does not appear in appellants' brief, nor does it appear anywhere in the record, that the appellants, at the time these special issues were refused, or at any time, excepted to the refusal of the court to submit such special issues, or that appellants reserved any bill of exceptions to the action of the court in that regard, and that therefore the action of the court in refusing to submit said special issues must be regarded as approved by the appellants.

[1] Upon consideration of these objections, we find that they are well taken, for the reason that neither in appellants' brief nor by the record is it disclosed that appellants excepted to the action of the trial court in refusing to submit either of the special issues mentioned. At the time this case was tried below, article 2061, Vernon's Sayles' Civil Statutes, as amended by the Acts of 1913, was applicable, and must control in the disposition of these assignments, notwithstanding the amendment relative to the giving and refusing of special charges passed by the Thirty-Fifth Legislature, and which became effective in June, 1917.

Appellants having failed to properly except to the action of the trial court in refusing to submit to the jury the special issues tendered, this court is not at liberty to consider the error, if any, on the part of the court in refusing to submit such issues. Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Saunders v. Thut, 165 S. W. 553; H. B. & T. Ry. Co. v. Price, 192 S. W. 359; Palmer v. Logan, 189 S. W. 761.

We have carefully examined all assignments of error found in appellants' brief, with the exception of the first five, and, without discussing them in the order found, or even specifically at all, we have concluded that none of them can be sustained, and that the judgment of the trial court in this case must be affirmed.

[2] We will say at the outset, the jury expressly found, in answer to specific questions by the court, that the appellee was guilty of no negligence towards any of the plaintiffs, which became the proximate cause of any injury sustained by any of them; and the jury further expressly found, in answer to specific questions submitted by the court, that both R. L. Robinson and his wife, Julia E. Robinson, were guilty of contributory negligence, and it is conceded by appellants that the finding by the jury of contributory negligence on the part of R. L. Robinson and Mrs. Robinson is conclusive as to R. L. Robinson and all the minor children, with the exception of Jesse Edwin Robinson, who, the jury found, was not guilty of contributory negligence, and that this court would be bound to affirm the judgment of the trial court as to R. L. Robinson and the minor children, other than Jesse Edwin Robinson, unless the findings of the jury on other issues were so contradictory and inconsistent as to require a reversal of the judgment as to all of the appellants.

In the first place, the jury's finding that appellee was guilty of no negligence which was the proximate cause of any injury to R. L. Robinson or Mrs. Robinson is conclusive as to them, without regard to the issue of contributory negligence, unless it can be

said that the jury's findings on the special issues submitted to them on the question of negligence, proximate cause, and contributory negligence were so inconsistent and conflicting that no legal judgment could be entered upon the verdict. Appellants have undertaken to show in their brief that such findings are so contradictory and inconsistent that no valid judgment could be entered upon the verdict, and we have carefully followed the contentions of counsel for appellants on these points; and, after careful consideration of the record in this case, and the entire findings by the jury, we have concluded that there is no such inconsistency or contradiction in the findings of the jury as contended for by appellants, and that the verdict of the jury, to the effect that appellee was guilty of no negligence which proximately caused the injury to any of the plaintiffs, finds support in the evidence, as reflected by the record in this case, and must be sustained.

[3, 4] The issue of proximate cause, like the issue of negligence itself, is nearly always a question of fact for the determination of the jury, and in this case, as we view the record, the question of proximate cause of the injury complained of was peculiarly a question of fact for the determination of the jury, and, it having been determined that the appellee was guilty of no negligence which proximately caused the injury to any of them, the finding by the jury to that effect will not be disturbed by this court, even though the jury found that the minor son, Jesse Edwin Robinson, was not guilty of contributory negligence.

It would serve no useful purpose for this court to undertake to follow the many contentions of counsel in writing this opinion, because we would simply be forced, even after doing so to the conclusion that this judgment must be affirmed, and we therefore decline to enter into a minute discussion of the numerous contentions made by the appellants.

As to the appellants, R. L. Robinson and the minor children other than Jesse Edwin Robinson, the judgment is affirmed, both because of the finding of the jury that there was no negligence on the part of appellee which caused such injuries as were sustained by R. L. Robinson and the mother of said minors, and also because the jury expressly found, upon sufficient evidence, that both R. L. Robinson and the mother were guilty of contributory negligence; and as to Jesse Edwin Robinson, it is affirmed because of the express finding of the jury that the appellee was guilty of no negligence which was the proximate cause of any injury to him, and which finding, as we have stated, also has support in the evidence.

It is therefore ordered that the judgment of the trial court be affirmed in toto.