**Mildred Von Simmons DAVIS, Appellant,**

v.

**Jeff HOSKINS, Administrator of Estate of Ida Belle Simmons, Deceased, Appellee.**

No. 17671.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 12, 1975.

Weinberg, Sandoloski & McManus, and Sandy M. Sandoloski, Dallas, for appellant.

Kelsey & Wood, and Richard H. Kelsey, Denton, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal by Mildred Von Simmons Davis from an order entered in a

probate proceeding by the County Court of Denton County which order denied her application to probate an instrument that she contended was the last will of Ida Belle Simmons, deceased, and granted letters of administration on that estate to Jeff Hoskins, a brother of the deceased. The original of the instrument that was claimed to be the will of Ida Belle Simmons was not produced in court. A carbon copy of the claimed will was produced. The trial was non-jury and the trial court found that the proponent of the instrument sought to be probated as the last will of Ida Belle Simmons, deceased, failed to prove that the instrument was a valid will in that she failed to prove that it had been properly executed and witnessed in the manner required by law. The trial court further found that such instrument had been revoked by the deceased during her lifetime by an act of physical destruction (tearing) and that the deceased died intestate.

We affirm.

■ Appellant's second point of error is that the trial court erred in finding that the deceased, Ida Belle Simmons, physically destroyed her last will and testament on October 10, 1974, because the finding is against the overwhelming weight of the evidence.

We overrule the point.

On this issue the witness, Myrtle Hoskins, testified that at the request of Ida Belle Simmons she went with Jeff Hoskins, the witness' husband, to the bank and removed Ida Belle Simmons' will from her lock box at the bank and took it to the deceased who was then a resident in a nursing home. Mrs. Hoskins testified that in the presence of Myrtle and Jeff Hoskins and Shirley Yielding and a Mrs. Bassinger, who is now senile, Ida Belle Simmons tore the will up and threw the pieces of it in the wastebasket. She testified that this occurred on October 10, 1974. She first thought this occurred on another date but later produced a diary she kept and said it occurred October 10, 1974. The maid that cleans up the rooms threw the contents of the waste-basket containing the pieces of the will into the garbage.

The witness, Shirley Yielding, testified that she worked at the nursing home; that she was in the presence of the deceased, Ida Belle Simmons, on one occasion when she saw Mrs. Simmons tear up an instrument that the others present told this witness was Mrs. Simmons' will. The said Myrtle and Jeff Hoskins were also present and saw Mrs. Simmons tear the will up. The witness said she did not read the instrument to see if it was a will, as the others said it was. She thought this occurred in December, 1974.

The witness, A. D. Petty, testified that he was a good friend to Ida Belle Simmons and he visited her each week in the nursing home. On one visit, on about December 1, 1974, while he was sitting on her bed talking to her, the deceased told him that she had previously made a will but that she had thereafter torn it up. She told this witness that in the presence of Jeff and Myrtle Hoskins.

There is no evidence that tends to indicate that the instrument the deceased tore up on the occasion in question was not the will that is sought to be probated.

The original of the will sought to be probated was not produced in court.

The evidence referred to is certainly sufficient to support the court's finding to the effect that Ida Belle Simmons revoked the will by tearing it up and that this occurred on October 10, 1974. The finding is not against the overwhelming weight of the evidence.

The fact that there was conflicting evidence as to the date the will was torn up does not change the situation. It was the trial judge's function to determine the facts and there was sufficient evidence to support his finding that it was torn up and revoked on October 10, 1974.

■ Appellant's first point of error is that the trial court erred in finding that the

proponent of the will had failed to prove that the will offered for probate had been properly executed and witnessed.

We overrule that point.

The outcome of the appeal is determined and controlled by the ruling that we have hereinabove made on appellant's point of error No. 2. Because of that ruling appellant's first point of error has become immaterial.

Even if we sustained the appellant's first point of error and held that the trial court erred in finding that the appellant had failed to prove that the will offered for probate had been properly executed and witnessed in the manner provided by law, this would not entitle the appellant to have a reversal of the trial court's decision. This is so because even if the will sought to be probated was a valid will, the trial court decided on sufficient evidence that prior to her death the testatrix had revoked it. Under those circumstances the trial court's decision denying the application to probate the will and granting letters of administration to Jeff Hoskins was proper. See on this *Palmer v. Logan,* 189 S.W. 761 (Austin, Tex.Civ.App., 1916, no writ hist.), wherein the court held that no matter how well the execution and witnessing of a will by the testator may have been established by the evidence it is the duty of the court to not admit such will to probate if it is also established that such will had been revoked by the testator prior to his death.

■ The testatrix could revoke a valid will that she had theretofore executed and which had been witnessed in the manner required by law by destroying said will. Sec. 63, Probate Code, V.A.C.S. It is settled that a will that has been revoked cannot be admitted to probate. *Shawver v. Parks,* 239 S.W.2d 188 (Eastland, Tex.Civ.App., 1951, writ ref.).

In appellant's third point of error she contends that the trial court erred in appointing an administrator for the Estate of Ida Belle Simmons for the reason that she had previously executed a valid will. She contends that under those circumstances the court lacked jurisdiction to appoint an administrator.

We overrule that point.

■ A will that has been revoked by the testatrix is not her last will and for that reason cannot be admitted to probate. Even if the will had been executed by the testatrix and witnessed in the manner required by law, it ceased to be her last will when she thereafter revoked it. When the testatrix died after revoking such will, without after such revocation having made another will, she died intestate. *Ellsworth v. Aldrich,* 295 S.W. 206 (Texarkana, Tex. Civ.App., 1927, writ ref.).

In this case, since the trial court found on sufficient evidence that the will sought to be probated by appellant had been revoked by the testatrix prior to her death, she died intestate. The appointment of the administrator was therefore proper.

Affirmed.